*Dominik Oglesby v. State of Maryland*
No. 23, September 2014 Term


**Criminal Law - Sentencing - Rule of Lenity.** To construe a sentencing provision of a criminal statute, a court looks to the text of the statute and applies the tools of statutory construction. If that effort does not resolve any ambiguity in the statute and the court is unable to discern the intent of the Legislature, it chooses between competing constructions by applying the rule of lenity and selects the interpretation more favorable to the defendant. When the statutory text is clear, or when the tools of statutory construction favor one reading of the statute, there is no occasion to apply the rule of lenity in derogation of legislative intent.

**Criminal Law - Firearms Offenses - Prosecutorial Discretion - Sentencing.** The General Assembly has created two overlapping, but not identical, criminal offenses prohibiting individuals previously convicted of certain drug-related crimes from possessing certain types of firearms. One statute – the narrower and more recently created one – provides for a mandatory *minimum* period of five years incarceration, *without* the possibility of a suspended sentence or parole. The other statute provides for a *maximum* period of five years incarceration *with* the possibility of a suspended sentence and parole. Where a prosecutor has exercised discretion to charge the offense carrying the mandatory minimum penalty and the defendant is convicted of that offense, the defendant is subject to the penalty provided by that statute – the mandatory minimum sentence. Maryland Code, Public Safety Article, §5-133; Criminal Law Article, §5-622.

Circuit Court for Baltimore City
Case No. 111306016
Argued: November 7, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 23

September Term, 2014

_____

DOMINIK OGLESBY

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by McDonald, J.

_____

Filed: February 23, 2015

When a court construes a criminal statute, it may invoke a principle known as the "rule of lenity" when the statute is open to more than one interpretation and the court is otherwise unable to determine which interpretation was intended by the Legislature. Instead of arbitrarily choosing one of the competing interpretations, the court selects the interpretation that treats the defendant more leniently. The rule of lenity is not so much a tool of statutory construction as a default device to decide which interpretation prevails when the tools of statutory construction fail.

In this case, Appellant Dominik Oglesby[1] was charged and convicted of a violation of a statute that prohibits a person who has previously been convicted of a drug-related offense (as Mr. Oglesby had) from possessing certain types of firearms. That statute carries a mandatory minimum sentence of five years incarceration, no part of which may be suspended and without the possibility of parole. Following his conviction and sentencing under that statute, Mr. Oglesby contended that the sentence was illegal because, on the same facts, he could have been charged and convicted under a different statute that does not carry a mandatory minimum sentence and that does allow for the possibility of a suspended sentence, as well as parole. He argues that the rule of lenity requires that his sentence be imposed under the second statute.

We hold that the State's Attorney had the discretion to charge Mr. Oglesby with an offense under the statute carrying the mandatory minimum sentence and that the Legislature's intent to authorize that penalty for that violation is clear from the text

---

[1] The Appellant's first name appears in the record spelled variously as "Dominick," "Dominic," and "Dominik." We use the spelling used by the Appellant's counsel in filings on the Appellant's behalf.

of the statute and confirmed by its legislative history. There is no need to resort to the rule of lenity. Application of that concept in these circumstances would effectively negate legislative intent and intrude on prosecutorial discretion conferred on the State's Attorney by the State's constitution and criminal laws.

# I

## Background

In the early morning hours of October 6, 2011, two Baltimore City police officers attempted to make a traffic stop of a car that had a headlight out. After a brief chase that ended when the car collided with several parked cars, the three individuals who had been in the car got out and fled. Mr. Oglesby, who had been a passenger in the back seat, was apprehended shortly after he threw a handgun to the ground. Pertinent to the issue in this case, at that time Mr. Oglesby had a criminal record that included prior convictions for drug-related crimes.

Mr. Oglesby was charged with various firearms offenses. At his trial in the Circuit Court for Baltimore City, it was undisputed that Mr. Oglesby, at the time of his arrest, was barred from possessing a regulated firearm by virtue of a 2009 felony conviction for distribution of a controlled dangerous substance, in violation of Maryland Code, Criminal Law Article ("CR"), §5-602. Nor was there any dispute that the gun in question fit the definition of "regulated firearm," as defined in Maryland Code, Public Safety Article ("PS"), §5-101(r). The only issue at trial was whether he had possessed the firearm.

Mr. Oglesby was convicted of possession of a regulated firearm by a person with a disqualifying drug conviction, in violation of PS §5-133(c)(1)(ii).[2] For this offense, Mr. Oglesby was sentenced to the five-year mandatory minimum term of imprisonment without parole provided in the statute. *See* PS §5-133(c)(2).

Mr. Oglesby appealed, arguing that the five-year mandatory minimum period of incarceration for his conviction under PS §5-133(c)(1)(ii) was an illegal sentence. He notes that another statute – CR §5-622(b) – proscribes the same conduct that supports his conviction, but carries a more lenient sentence.[3] Before the Court of Special Appeals considered his appeal, we granted certiorari on our own motion.

## II

## Discussion

Mr. Oglesby does not challenge the sufficiency of the evidence that he violated PS §5-133(c)(1)(ii). Rather, he argues that the "rule of lenity" mandates that his

---

[2] Mr. Oglesby was also found guilty of possession of a regulated firearm after having been convicted of a disqualifying misdemeanor in violation of PS §5-133(b)(1). This conviction was merged with the violation of PS §5-133(c)(1)(ii) for purposes of sentencing.

Mr. Oglesby was also convicted of wearing, carrying or transporting a handgun in violation of CR §4-203. For this offense, Mr. Oglesby received a suspended three-year sentence with three years probation upon release. He has not appealed this conviction or sentence.

The jury acquitted Mr. Oglesby on a charge of wearing, carrying, or transporting a handgun in the vehicle.

[3] At the time of his arrest, Mr. Oglesby was charged with violations of both PS §5-133(c)(1)(ii) and CR §5-622(b). The latter charge, however, was not included in the subsequent indictment.

3

sentence be no more than the five-year *maximum* period of incarceration with eligibility of parole provided for a violation of CR §5-622(b), even though he was neither charged with, nor convicted of, a violation of that statute. Mr. Oglesby reasons that because the two statutes could apply to the same conduct in his case, but neither statute refers to the other, "it is not at all clear as to how he should be sentenced." From that premise, he concludes that, under the rule of lenity, the ambiguity must be resolved in his favor – *i.e.*, his sentence for a conviction of a violation of PS §5-133(c)(1)(ii) is capped by the maximum penalty allowed by CR §5-622 – five years imprisonment with the possibility of a suspended sentence and parole. He also argues that this Court's prior decision in *Waye v. State*, 231 Md. 510, 191 A.2d 428 (1963) supports the same result. In short, Mr. Oglesby argues that the imposition of the five-year mandatory minimum without possibility of parole under PS §5-133(c)(2) was an illegal sentence because it exceeded the penalty authorized by law.[4]

The State argues that the rule of lenity is not applicable because the prosecutor had the discretion to choose which violation to charge, and the penalty provided in the statute under which Mr. Oglesby was charged and convicted is not ambiguous. The State similarly argues that the reasoning of *Waye* has no application here. Accordingly, in the State's view, Mr. Oglesby was properly sentenced to the five-year

---

[4] An illegal sentence may be challenged at any time, including for the first time on appeal. *Stubbs v. State*, 406 Md. 34, 48 n.1, 956 A.2d 155 (2008). Thus, the failure of Mr. Oglesby's counsel to object to the five-year mandatory minimum during sentencing would not bar his appeal on this issue.

4

mandatory minimum because this sentence corresponds to the statute under which he was charged and convicted.

## A. *Prosecutorial Discretion, the Rule of Lenity, and Prior Decisions*

As indicated above, there is some dispute as to whether the overlapping offenses defined by PS §5-133(c)(1)(ii) and CR §5-622(b) are simply an occasion for the exercise of prosecutorial discretion in the charging decision or whether the "interplay" of the two statutes creates ambiguity that requires resort to the rule of lenity. We begin with a brief review of the concepts of prosecutorial discretion and, in the context of statutory construction, the rule of lenity. We then briefly review the several Maryland appellate decisions over the past decade that have considered those concepts in connection with these two statutes.

### 1. Prosecutorial Discretion

It is not uncommon for the same facts to support potential convictions under a number of statutes or common law offenses, which may carry different penalties. A prosecutor is not required to charge all applicable offenses. A prosecutor thus exercises discretion as to what offenses to charge in a particular case – a decision that may greatly affect the potential penalty imposed by a sentencing court if a conviction results. This is a well-recognized part of our criminal justice system and is perfectly appropriate so long as the discretion is not exercised in an unconstitutional or illegal manner. *Evans v. State*, 396 Md. 256, 298, 914 A.2d 25 (2006) ("State's Attorneys retain the broad discretion ... in determining which cases to prosecute, which offenses

to charge, and how to prosecute the cases they bring"); *see also Beverly v. State*, 349 Md. 106, 121, 707 A.2d 91 (1998); *Brack v. Wells*, 184 Md. 86, 90, 40 A.2d 319 (1944).

While prosecutorial discretion is subject to oversight by the courts to ensure that it is exercised within constitutional and statutory constraints, "the office of State's Attorney is not a branch of the judiciary, nor is it directly subject to its supervision." *State v. Hunter*, 10 Md. App. 300, 305, 270 A.2d 343 (1970) (Murphy, C.J.), *cert. improvidently granted and remanded*, 263 Md. 17 (1971). The prosecutor's discretion in the selection of charges derives ultimately from the separation of powers in the Maryland Constitution. *State v. Lykins*, 43 Md. App. 472, 473, 406 A.2d 289 (1979) *modified*, 288 Md. 71, 415 A.2d 1113 (1980) (separation of powers "compels that we brook no lightly assumed interference by the judicial branch with the function of [the State's Attorney] ... and ... not arrogate unto our branch supervisory powers which the Constitution does not bestow").

2.    The Rule of Lenity

The "rule of lenity" is not a rule in the usual sense, but an aid for dealing with ambiguity in a criminal statute. Under the rule of lenity, a court confronted with an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute will opt for the construction that favors the defendant. For a court construing a statute, the rule of lenity is not a means for determining – or defeating – legislative intent. Rather, it is a tie-goes-to-the-runner device that the court may turn to when it despairs of fathoming how the General Assembly intended that the statute be applied in the particular circumstances. It is a tool of last resort,

6

to be rarely deployed and applied only when all other tools of statutory construction fail to resolve an ambiguity. *See Gardner v. State*, 420 Md. 1, 17, 20 A.3d 801 (2011). This follows from the fact that our goal in construing statutes is always to ascertain and carry out the legislative purpose of the statute and not to seek out an interpretation that necessarily favors one party or the other. *Id.*[5]

    3.    Prior Decisions Concerning the Rule of Lenity, PS §5-133, and CR §5-622

The argument that CR §5-622 might limit a sentence imposed for a violation of PS §5-133(c)(1)(ii) first came before Maryland appellate courts in *Alston v. State*, 159 Md. App. 253, 858 A.2d 1100 (2004), *rev'd on other grounds,* 433 Md. 275, 71 A.3d 13 (2013), *opinion withdrawn in part,* 433 Md. 302 (2013). In that case, which involved facts substantially similar to this case, the defendant was convicted of a violation of PS §5-133(c)(1)(ii) and the trial court imposed the mandatory minimum sentence provided for that violation.[6] Like Mr. Oglesby, the defendant argued on appeal that the rule of

---

[5] *See also Tapscott v. State*, 343 Md. 650, 656-57, 684 A.2d 439 (1996) (language and history of statute resolved ambiguity and thus, rule of lenity was not applicable); *Briggs v. State*, 413 Md. 265, 286, 992 A.2d 433 (2010) (even if statute was ambiguous, rule of lenity would not apply because indicia of intent, including statute's plain language and history, strongly tipped towards only one interpretation); *State v. Weems*, 429 Md. 329, 344-45, 55 A.3d 921 (2012) (when statutory language was ambiguous and legislative history and other similar provisions "d[id] not shed conclusive light," the court applied the rule of lenity); *Jones v. State*, 336 Md. 255, 261-62, 647 A.2d 1204 (1994) (rule of lenity is applied at the end of the process of statutory construction when there remains a "grievous ambiguity or uncertainty"); *Randall Book Corp. v. State*, 316 Md. 315, 327, 558 A.2d 715 (1989) (rule of lenity is applied when "legislative intent cannot be determined").

[6] At the time of the conviction in *Alston*, the offense described in PS §5-133(c)(1)(ii) was codified in Maryland Code, Article 27, §449(d)(1)(ii). *See* Part II.B.2 of this opinion.

lenity required that he should have received the more lenient sentence provided in CR §5-622. The Court of Special Appeals rejected that argument. It held that there is no ambiguity in the statutes and therefore no reason to invoke the rule of lenity and apply the sentencing provision of CR §5-622 for a violation of PS §5-133(c)(1)(ii). 159 Md. App. at 273.

The Court of Special Appeals reiterated that conclusion in two subsequent decisions, noting in each case that the prosecutor had discretion to charge an offense under the statute with the more severe penalty and that there was no ambiguity that triggered the rule of lenity. *State v. Lee*, 178 Md. App. 478, 484-91, 943 A.2d 14 (2008) (rule of lenity did not authorize trial judge to amend the indictment, in the face of the prosecution's objection, to replace a charge under PS §5-133 with one under CR §5-622 and to sentence the defendant under the latter statute); *State v. Smoot*, 200 Md. App. 159, 169-73, 26 A.3d 1002, *cert. denied*, 423 Md. 452 (2011) (rule of lenity did not permit court to sentence defendant convicted of violation of PS §5-133 to probation before judgment simply because the defendant could have been charged under CR §5-622).

In the meantime, the Court of Appeals had granted a writ of certiorari in *Alston*. This Court reversed one of the convictions in that case for reasons not pertinent here. Although the Court conceded that the sentencing issue with respect to the conviction under PS §5-133(c)(1)(ii) was moot (as the defendant had completed the sentence in its entirety), the Court's opinion went on to discuss whether the rule of lenity affected the maximum sentence for a violation of that statute. In a holding initially joined by four

8

members of the Court, this Court reached a different conclusion than the Court of Special Appeals. It held that when two statutes proscribe the same conduct but prescribe different penalties and the legislative intent as to "how the statutes are to be applied and operate together is unclear," the rule of lenity requires that the more lenient sentencing provision prevail. 433 Md. at 301. The Court also suggested that the reasoning of *Waye v. State*, 231 Md. 510, 191 A.2d 428 (1963), although that case did not construe the firearms statutes and was not based on the rule of lenity, supported the same conclusion. Shortly after issuing its decision in *Alston*, however, the Court withdrew that portion of its opinion on the ground of mootness. 433 Md. at 302.

The issue is not moot in this case as Mr. Oglesby is currently serving the mandatory minimum sentence imposed under PS §5-133(c)(2). Thus, we consider anew whether we agree with the conclusion reached in the several opinions of the Court of Special Appeals on this subject or whether the imposition of the mandatory minimum sentence set forth in PS §5-133(c)(2) for a violation of PS §5-133(c)(1)(ii) is an illegal sentence. We also consider whether the decision in *Waye* affects that conclusion.

**B.      *Whether the Rule of Lenity Requires that a Defendant Convicted of a Violation of PS §5-133(c)(1)(ii) be Sentenced under CR §5-622(c)***

As indicated above, there is no need to apply the rule of lenity unless there is an unresolvable ambiguity in the statute in question. A careful review of the statutory text and legislative history must come first.

9

1. Statutory Text

*PS §5-133(c)*

Mr. Oglesby was convicted of a violation of PS §5-133(c)(1)(ii) – in particular, possession of a regulated firearm by a person with a prior conviction for distribution of a controlled substance. At the time of the offense in this case,[7] that statute read in relevant part:

> (c)(1) A person may not possess a regulated firearm if the person was previously convicted of:
> . . .
>
> (ii) A violation of §5-602, §5-603, §5-604, §5-605, §5-612, §5-613, or §5-614 of the Criminal Law Article.

A "regulated firearm" is defined as a "handgun" or "any of the [listed] specific assault weapons or their copies, regardless of which company produced and manufactured that assault weapon...." PS §5-101(r).

The sentence for a violation of PS §5-133(c)(1)(ii) is as follows:

> (2) (i) Subject to paragraph (3) of this subsection, a person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years and not exceeding 15 years.
>
> (ii) The court may not suspend any part of the mandatory minimum sentence of 5 years.

---

[7] As noted in the text, the offense occurred on October 6, 2011. Subsequently, in 2012, the General Assembly amended PS §5-133(c) to add a subparagraph that prohibits the possession of regulated firearm by a person who had been previously convicted of "[a]n offense under the laws of another state or the United States that would constitute one of the crimes listed in item (i) or (ii) of this paragraph if committed in this State." PS §5-133(c)(1)(iii), *as enacted by* Chapters 276, 277, Laws of Maryland 2012.

10

(iii)  Except as otherwise provided in §4-305 of the Correctional Services Article, the person is not eligible for parole during the mandatory minimum sentence.

PS §5-133(c)(2).   The sentencing provision is qualified in paragraph (3) of the subsection.  It provides that if, at the time of possession, at least five years had passed since the person completed serving the sentence, including all mandatory supervision, probation, and parole for the most recent disqualifying conviction, the court has discretion not to impose the mandatory minimum and the State's Attorney must give a special notice of an intent to seek the mandatory minimum sentence.  PS §5-133(c)(3). This provision did not pertain to Mr. Oglesby, as his disqualifying conviction was only two years old.

*CR §5-622*

Mr. Oglesby notes that he "could have been charged" under CR §5-622(b), which states in relevant part:

> A person may not possess, own, carry, or transport a firearm if that person has been convicted of:
>
> (1)  A felony under [Title 5 of the Criminal Law Article, Controlled Dangerous Substances, Prescriptions, and Other Substances]

For purposes of CR §5-622, a "firearm" is defined to include a "regulated firearm" as defined in PS §5-101(r); in addition, the term includes a machine gun (as defined in CR §4-401), as well as a "handgun, antique firearm, rifle, shotgun, short-barreled shotgun, and short-barreled rifle" (as defined in CR §4-201).  CR §5-622(a).  A person who

11

violates §5-622(b)(1) is "guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or both."  CR §5-622(c).

Mr. Oglesby's observation that he could have been charged with a violation of CR §5-622 on the facts of his case appears to be correct.  The jury found that he was in possession of a "regulated firearm" which is included in the definition of "firearm" in CR §5-622.  His prior conviction for a violation of CR §5-602 was a felony under the controlled substances title of the Criminal Law Article.

*Textual Analysis*

The prohibitions in the two statutes overlap substantially, although the two statutes are not identical.  The offense defined by CR §5-622(b) is somewhat broader than the one defined by PS §5-133(c)(1)(ii).  For example, an individual with a prior drug conviction who possessed a machine gun, rifle, or shotgun not described in the definition of "regulated firearm" could be convicted of a violation of CR §5-622(b), but not a violation of PS §5-133(c)(1)(ii).  In another example, a person who had been previously convicted of possessing a counterfeit prescription for a controlled substance for the purpose of distributing that substance and who came into possession of a regulated firearm could be convicted of a violation of CR §5-622(b), but not PS §5-133(c)(1)(ii).  But it remains true that, in general, an individual previously convicted of a felony drug offense who possesses a regulated firearm may be found guilty of violations of both PS §5-133(c)(1)(ii) and CR §5-622(b).  Although the statutes are not precisely identical in their reach, it is likely the case that most individuals convicted under one of these statutes could also be convicted under the other.

12

The fact that the statutes overlap does not render them ambiguous. While neither statute refers to the other, there is no "interplay" or conflict between these two statutes that must be harmonized. It is not as though one statute required or authorized Mr. Oglesby to have a firearm in some circumstances and the other statute forbade it.

If Mr. Oglesby were correct that the more lenient of the two sentencing provisions always prevails, it would appear to render PS §5-133(c)(1)(ii) completely ineffective. Given that CR §5-622 is the broader statute, if the sentencing provision of CR §5-622(c) were applied to any conviction under PS §5-133(c)(1)(ii), a defendant convicted of a violation of PS §5-133(c)(1)(ii) could never be sentenced in accordance with the sentencing provision of PS §5-133(c)(2), despite the plain language of the statute. In other words, the mandatory minimum sentence that the Legislature created in PS §5-133(c)(2) would virtually never apply to an individual in possession of a regulated firearm and with a prior conviction under CR §5-602, §5-603, §5-604, §5-605, §5-612, §5-613, or §5-614. This would render PS §5-133(c)(1)(ii) superfluous because the felony drug crimes enumerated in that subparagraph would never trigger the mandatory minimum of PS §5-133(c)(2).

Such a reading of the statutes is contrary to basic tenets of statutory construction. "Our canons of statutory interpretation, however, forbid us to 'construe a statute ... so that [a] word, clause, sentence, or phrase is rendered surplusage, superfluous, meaningless, or nugatory.'" *Reier v. State Dep't of Assessments & Taxation*, 397 Md. 2, 28, 915 A.2d 970 (2007) (quoting *Blake v. State,* 395 Md. 213, 224,

13

909 A.2d 1020 (2006)).  Rather, when two statutes cover similar subject matter, even if neither makes reference to the other, we must construe the statutes to give as full effect to each other as possible.  *Maryland-National Capital Park and Planning Comm'n v. Anderson,* 395 Md. 172, 183, 909 A.2d 694 (2006); *Prince George's County v. McBride*, 263 Md. 235, 240-41, 282 A.2d 486 (1971).  As noted above, this effort to construe the statutes in accordance with legislative intent precedes any application of the rule of lenity.

A previous case involving a conviction of a violation of CR §5-622 illustrates the need to construe sentencing provisions in a way that does not render one of them superfluous.  In *Collins v. State*, 383 Md. 684, 688, 861 A.2d 727 (2004), the defendant was convicted of a violation of CR §5-622(b), for possession of a firearm by a person with a prior felony drug conviction.[8]  The defendant was sentenced under CR §5-622(c) which, as noted above, authorizes a maximum of five years imprisonment.  The sentencing court, however, doubled the sentence to 10 years, pursuant to a statute now codified as CR §5-905, which permits a court to double the statutory sentence when the violation is a second or subsequent offense under Title 5 of the Criminal Law Article.  The defendant appealed, arguing that it was clear the Legislature intended to provide for a maximum five-year sentence for violation of CR §5-622 or, in the alternative, that

---

[8] At the time of that case the statute was codified as Article 27, §291A.  *See* Part II.B.2 of this opinion.  The other sentencing provision at issue in *Collins* was codified at that time as Article 27, §293.  For ease of reference, we refer to the statutes in *Collins* by their current designation in the Criminal Law Article.

the application of the two sentencing provisions was ambiguous and that the rule of lenity mandated that the ambiguity be resolved in his favor.

The Court first noted that, when read in isolation, the sentence enhancement of CR §5-905 appeared to apply. In order to violate CR §5-622(b), a defendant must have a prior disqualifying felony conviction under Title 5 of the Criminal Law Article, which concerns criminal offenses related to controlled substances. Therefore, a single violation of CR §5-622(b) would be, by definition, a second or subsequent offense under the controlled dangerous substances law, indicating that the sentence enhancement would apply. This Court concluded, however, that when the sentence enhancement was read in conjunction with the sentencing provision in CR §5-622(c), it became clear that the General Assembly intended that the enhancement not apply. If the sentence enhancement were to apply, the five-year maximum specified in CR §5-622(c) would never be the maximum sentence because every violation of CR §5-622(b) would trigger the sentence enhancement under CR §5-905, resulting instead in a 10-year maximum sentence. The application of the sentence enhancement would thereby render CR §5-622(c), and its five-year maximum sentence, meaningless. Accordingly, the Court concluded that an initial conviction under CR §5-622(b) did not trigger the sentence enhancement even though it was by definition a subsequent offense under Title 5 of the Criminal Law Article. 383 Md. at 690, 692. The Court reached this conclusion by examining the text and legislative history of the relevant statutes to discern legislative intent; it did not need to resort to the rule of lenity.

15

Similarly, here, if the sentencing provision of CR §5-622(c) applied to every violation of PS §5-133(c)(1)(ii), the latter provision would serve no purpose in the statute and would never trigger the five-year mandatory minimum sentence. For the same reason we conclude that the Legislature did not intend that the lesser sentence of CR §5-622(c) would apply to a conviction under PS §5-133(c)(1)(ii). Rather, the appropriate penalty for a violation of PS §5-133(c)(1)(ii) is the penalty the Legislature prescribed in PS §5-133(c)(2).

2. Legislative History

A review of the legislative history of these statutes – their back story – confirms this conclusion.[9] The two statutes, which both seek to keep guns out of the hands of individuals involved in the illicit drug trade, are at the intersection of the regulation of firearms and the regulation of controlled dangerous substances. Perhaps unsurprisingly, one statute derives from legislative efforts to regulate firearms; the other, from refinements of the laws concerning controlled dangerous substances.

*Firearms Regulation – 1941 – Creating a Firearms Disqualification for Persons Convicted of Certain Crimes*

Maryland state law has prohibited the possession of various types of firearms by persons convicted of certain crimes since at least 1941, when the General Assembly enacted a law prohibiting the possession of a pistol or revolver by any person who had

---

[9] *See Higginbotham v. Public Service Comm'n*, 412 Md. 112, 119, 985 A.2d 1183 (2009) (in the interest of completeness, courts may consider the legislative history of even an unambiguous statute to confirm the meaning of a statute derived from its language).

16

been convicted of a crime of violence or who was a fugitive from justice. Chapter 622, Laws of Maryland 1941 *enacting* Maryland Code, Article 27, §531D. That provision was eventually recodified as Article 27, §445.[10] The statute originally provided for a maximum penalty of one year incarceration and a $300 fine[11] which, in 1966, was increased to three years incarceration and a $1000 fine.[12]

*Firearms Regulation – 1989 – Adding Felony Drug Convictions to the List of Disqualifying Convictions*

The definition of "crime of violence" – as originally enacted in 1941 – did not include drug crimes.[13] The Legislature enlarged the definition of "crime of violence" over the years and added other categories of disqualifying crimes and types of disqualification.[14] In 1989, a bill was introduced in the Legislature to add certain drug-related crimes as another category of disqualifying convictions. *See* House Bill 654

---

[10] It was recodified as Article 27, §541 in the 1951 Maryland Code and became §445 with the adoption of the 1957 Code.

[11] *See* Maryland Code, Article 27, §531G (1941).

[12] Chapter 502, Laws of Maryland 1966, *amending* Article 27, §448.

[13] *See* Maryland Code, Article 27 §531A(4) (1941) (defining "crime of violence" as "murder, manslaughter, rape, mayhem, kidnaping, burglary, housebreaking; assault with intent to kill, commit rape, or rob; assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year").

[14] *See, e.g.,* Chapter 502, Laws of Maryland 1966 (adding abduction, arson, escape, robbery, sodomy, and attempts to commit those offenses to the list in the definition of "crime of violence")*;* Chapter 480, Laws of Maryland 1982 (adding robbery with a deadly weapon to the definition of "crime of violence"). In addition, in the 1966 law, the Legislature added firearms offenses as a separate category of disqualifying convictions.

(1989). Testimony before the Legislature "indicated that the inclusion of convicted drug sellers and dealers in the list of persons specifically prohibited from purchasing and possessing handguns is necessary and overdue, especially since drug wars involving guns have grown more commonplace." House Floor Report to House Bill 654 (1989) at p. 2. As a result of the enactment of that bill, it became a crime for a person previously convicted of those drug-related crimes[15] to possess a pistol or revolver. Chapter 428, Laws of Maryland 1989 *amending* Article 27, §445(c)(1)(iii). The 1989 law also increased the potential fine. As of the effective date of that law, the maximum penalty was three years imprisonment and a $5,000 fine. Article 27, §448.

Thus, as of 1989, the prohibition against possession of a firearm by a person convicted of certain drug-related crimes, and the criminal penalty for a violation, appeared as part of the subtitle of Article 27 concerning firearms regulation.

*Controlled Dangerous Substances Crimes - 1991 - Addition of an Offense Concerning Possession of a Firearm*

Two years later, in the course of amending the subtitle of Article 27 concerning controlled dangerous substances, the General Assembly added to that subtitle a similar but broader prohibition on the possession of a firearm with a potentially tougher penalty. This new provision prohibited a person with *any* prior felony drug conviction

---

[15] The listed offenses were Article 27, §286 (the unlawful manufacture, distribution, counterfeiting, dispensing, or possession, of controlled dangerous substances), Article 27, §286A (bringing into the state excess of certain amounts of controlled dangerous substances), or Article 27, §286C (using minors to manufacture, deliver, or distribute controlled dangerous substances) or the conspiracy to commit any of these crimes.

18

(or conviction of an attempt or conspiracy to commit such a crime)[16] not only from possessing, but also from owning, carrying or transporting a firearm. House Bill 978 (1991), first reader. "Firearm" was defined more broadly to include not only pistols and revolvers, but also other handguns, rifles, shotguns, assault weapons, and machine guns. A violation of this prohibition was designated a felony punishable by imprisonment up to five years and a $10,000 fine.

While the bill establishing this provision was pending in the Legislature, it was amended to repeal the existing narrower crime in the firearms regulation subtitle (then codified at Article 27, §445(c)(1)(ii)), with the express intent that only the more expansive criminal provision in the controlled dangerous substances subtitle that carried the potentially greater penalty would remain. *See* Judicial Proceedings Committee, Explanation of Floor Amendment to House Bill 978 (1991). The amendment was adopted and the bill was enacted as amended. Chapter 613, Laws of Maryland 1991 *enacting* Article 27, §291A (1957, 1991 Supp.). Although the criminal penalty for possession of a firearm by one with a drug-related conviction had been deleted from the firearms subtitle, that subtitle still forbade – and made a criminal

---

[16] The bill prohibited possession of a firearm by a person with any felony conviction under the controlled dangerous substances subtitle of Article 27 or any offense committed under the laws of the United States or any other state if it would be a drug felony if it had been committed in Maryland. In contrast, the existing prohibition in Article 27, §445(c) only prohibited possession by persons with prior convictions of one of three drug-related provisions (Article 27, §§286, 286A, or 286C).

offense – the sale or transfer of a pistol or revolver to a person convicted of the listed drug offenses.  *See* Article 27, §§445(b), 448 (1992).

Thus, as of the effective date of the1991 law, under the subtitle of the criminal statutes concerning controlled dangerous substances, the possession of a firearm – now more broadly defined – by a person with any prior conviction of a felony drug offense (or of conspiracy or attempt to commit such an offense) was a felony punishable by up to a maximum of five years and a $10,000 fine.[17]  This statute has not been substantially amended since that time.  In 2002, it was re-codified in the controlled substances title of the new Criminal Law Article as CR §5-622.[18]  This is the statute that Mr. Oglesby asks to be applied in his case, although he was not charged or convicted under that statute.

*Firearms Regulation - 1996 - Restoring the Violation in the Firearms Subtitle*

In 1996, as part of the Maryland Gun Violence Act of 1996, the General Assembly amended the statutes regulating firearms.  Among other things, it expanded the disqualification for prior convictions in the firearms subtitle in a way that encompassed drug-related offenses, effectively restoring the criminal penalty in that subtitle for possession of a firearm by one with a prior drug-related conviction.  It was

---

[17] At the same time, the possession of a pistol or revolver following a conviction for a crime of violence (or other non-drug convictions enumerated in Article 27, §445) remained a misdemeanor and continued to be subject to a maximum of three years imprisonment.

[18] *See* Chapter 26, §2, Laws of Maryland 2002.

now unlawful for any person to possess a "regulated firearm" if that person had been previously convicted of "any violation classified as a felony in this State" (as well as a misdemeanor that carried a statutory penalty of more than two years imprisonment). *See* Chapters 561, 562, Laws of Maryland 1996.[19] A new term, "regulated firearm," replaced the reference to pistols and revolvers and was defined to also include handguns generally and certain listed assault weapons or copies of those weapons. *See* Article 27, §441(r) (1957, 1996 Supp.). Additionally, the maximum sentence for a violation of the revised criminal provision was codified in Article 27, §449(e) and set at five years imprisonment and a $10,000 fine – the same as provided for the similar violation in the controlled substances subtitle – *i.e.*, Article 27, §291A (later recodified as CR §5-622).

*Firearms Regulation - 2000 - Creation of Mandatory Minimum Sentence*

In 2000, the General Assembly returned again to the firearms regulation subtitle of Article 27 in the Responsible Gun Safety Act of 2000 and, as one of the many measures in that bill,[20] created a new five-year mandatory minimum sentence

---

[19] As part of that law, Article 27, §445(c) & (d) were recodified in Article 27, §445(d) & (e).

[20] The bill included numerous provisions concerning improvements in gun technology, gun safety, the disposition of weapons seized by law enforcement, enhancements to the enforcement of existing gun laws, and other provisions regulating the use and possession of firearms that were generally based on the 1999 report of the Governor's Task Force on Childproof Guns. Among other things, the Task Force had suggested that criminal laws generally be enforced with the ultimate goal of protecting children from gun violence and that, in particular, any juvenile who had committed a violent act should be denied the right to possess a firearm.

applicable to a defendant with a prior disqualifying conviction who possessed a regulated firearm. The mandatory minimum sentence was specifically applicable to "[a] person who was previously convicted of a crime of violence as defined in §441(e) of this article or convicted of a violation of §286 or §286A of this article, and who is in illegal possession of a firearm as defined in §445(d)(1)(i) and (ii)." Chapter 2, Laws of Maryland 2000 *amending* Article 27, §449(e).[21] Possession of a regulated firearm following a disqualifying conviction other than those listed in Article 27, §449(e)[22] continued to be misdemeanors subject to a maximum prison sentence of five years.

---

[21] The definition of regulated firearm in Article 27, §441(e) later was recodified as PS §5-101(c). Article 27, 445(d)(1)(i) forbade possession of a regulated firearm by anyone convicted of a crime of violence; §445(d)(1)(ii) forbade possession by anyone convicted of "any violation classified as a felony in this State."

This Court later concluded that the language of Article 27, §449(e) unambiguously required that a person have a felony conviction **and** either a prior conviction for a crime of violence or a drug-related conviction under Article 27, §286 or §286A in order for the five-year mandatory minimum to apply. *Stanley v. State*, 390 Md. 175, 183, 887 A.2d 1078 (2005). This Court recognized that the legislative history indicated that the mandatory minimum would be triggered by either a crime of violence conviction **or** a prior conviction under Article 27, §286 or §286A, but concluded the legislative history could not trump the unambiguous language of Article 27, §449(e). When it recodified this provision in the new Public Safety Article, the General Assembly revised it so that the text of the statute matched what appeared to be the original intent, as will be seen in the next section of this opinion.

[22] For example, under the 2000 amendments, a person may not possess a regulated firearm if the person has been convicted of any violation classified as a misdemeanor in Maryland that carries a statutory penalty of more than 2 years; or any violation classified as a common law offense where the person received a term of imprisonment or more than 2 years; or if the person is a fugitive from justice, a habitual drunkard, or addicted to or a habitual user of any controlled dangerous substance. Article 27, §449(d) (1957, 2000 Supp.).

22

Article 27, 449(f) (1957, 2000 Supp.). The bill did not affect the existing offense defined in Article 27, §291A (the predecessor of CR §5-622).

When the bill was before the General Assembly, the Legislature was advised that the "stiffer incarceration penalties" in the bill – the mandatory minimum sentence without possibility of parole – would likely "increase significantly" the State's expenditures on incarceration, but reduce to some extent expenditures on parole supervision. *See* Fiscal Note (Revised) for Senate Bill 211 (March 30, 2000). The legislative bill files for the measure indicate that there was significant public interest and public input concerning the 2000 bill. Many of the bill's provisions were quite controversial, but its provision for stiffer penalties for possession of a firearm by a person with a prior conviction – the provision that was ultimately codified in PS §5-133(c)(1) – was not.

*Firearms Regulation – Recodification of the Mandatory Minimum*

In 2003, portions of Article 27 were codified in the new Public Safety Article. As part of this process, the revisers redrafted the five-year mandatory minimum penalty provision originally contained in Article 27, §449(e). Chapter 5, §2, Laws of Maryland 2003; Chapter 17, Laws of Maryland 2003. The revised provision was codified as PS §5-133(c) and stated in relevant part:

> (c)  (1)  A person may not possess a regulated firearm if the person was previously convicted of:
>
> > (i)  A crime of violence; or

> (ii)   A violation of §5-602, §5-603, §5-604, §5-605, §5-606, §5-607, §5-608, §5-609, §5-612, §5-613, or §5-614 of the Criminal Law Article.
>
> (2)   A person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years, no part of which may be suspended.
>
> (3)   A person sentenced under paragraph (1) of this subsection may not be eligible for parole.

PS §5-133(c) (2003).[23] The 2003 version of PS §5-133(c) differed from Article 27, §449(e) in that PS §5-133(c) specified that the mandatory minimum was triggered following a conviction of possession of a regulated firearm by a person with a prior conviction for a crime of violence *or* a conviction under the re-codified versions of Article 27, §286 or §286A.[24] The General Assembly chose to retain the conjunction "or" relating the

___

[23] Article 27, §286 and §286A had been re-codified into CR §§5-602, 5-603, 5-604, 5-605, 5-606, 5-607, 5-608, 5-609, 5-612, 5-613, and 5-614.

[24] In making these revisions, the revisers noted:

> The Public Safety Article Review Committee notes, for consideration by the General Assembly, that the meaning of the reference in former Art. 27, §449(e) to a person "who is in illegal possession of a firearm as defined in §445(d)(1)(i) and (ii) of [Art. 27]" is unclear. Former Art. 27, §445(d)(1)(i) and (ii) prohibited a person who has been convicted of a crime of violence or any violation classified as a felony in this State from possessing a regulated firearm. The General Assembly may wish to clarify the meaning of former Art. 27, §449(e), which is revised in subsection (c) of this section.

Chapter 5, §2, Laws of Maryland 2003 at 250. The recodification originally would have extended the mandatory minimum penalty to anyone who possessed a regulated firearm and who had previously been convicted of "any other violation classified as a

(continued...)

24

subparagraphs of PS §5-133(c)(1) with the result that possession of a regulated firearm, coupled with either a prior conviction of a crime of violence or a prior conviction under the enumerated provisions of the Criminal Law Article, was a violation of PS §5-133(c)(1), and would trigger the five-year mandatory minimum sentence in PS §5-133(c)(2).[25]

*Lessons from the Legislative History*

We can make several observations as a result of our journey through the legislative history of these two provisions.

First, since the General Assembly first made a prior drug conviction a firearms disqualification, it has consistently enhanced the available sentences on each occasion that it has returned to the subject, particularly for individuals with prior convictions related to the manufacturing, distributing, or importing of illicit drugs. These offenses were first identified in 1989 as the type of drug-related convictions that disqualified a person from possessing a pistol or revolver. In 1991, all felonies under the controlled dangerous substances subtitle of Article 27 (plus conspiracy and attempt to commit such crimes) were included in the new felony provision that authorized a higher maximum sentence compared to other types of disqualifying convictions that were

---

[24] (...continued)
felony in the State." That provision was deleted in a corrective bill passed the same year. Chapter 17, Laws of Maryland 2003.

[25] In 2011, the General Assembly deleted from the list of disqualifying convictions in PS §5-133(c)(1)(ii) a violation of CR §5-606, the possession of a fake prescription for a controlled dangerous substance. Further amendments to PS §5-133 were made in 2010 and 2012 and are not relevant to this case.

listed in pistols subtitle. In 2000, felonies related to the distribution, manufacturing, and importing of controlled substances were once again singled out in what is now PS §5-133(c)(1)(ii), along with crimes of violence, as triggering the newly created five-year mandatory minimum sentence. This reflects a consistent intent by the General Assembly to authorize stringent penalties for a person with a prior drug-related conviction who is convicted of possession of a handgun, particularly when that individual has a prior conviction for distributing, manufacturing, or importing controlled substances.

Second, the 2003 amendment that clarified that *either* a prior conviction for a crime of violence *or* a prior conviction under one of the enumerated drug-related provisions in PS §5-133(c)(1)(ii) would, on its own, trigger the mandatory five-year mandatory minimum sentence is particularly indicative of the General Assembly's intent. After the revisers noted the potential confusion regarding what would trigger the mandatory minimum, the General Assembly recodified the statute in a way that unambiguously prescribed the mandatory minimum for a person who possesses a regulated firearm after having previously been convicted of one of the listed drug-related offenses.

Finally, the General Assembly's decision in 2000 to retain the similar, but not identical, prohibition in CR §5-622 (and its predecessor provision) when enacting the five-year mandatory minimum is significant. The General Assembly is presumed to have considered the existing offense in CR §5-622 when enacting the five-year mandatory minimum. *See GEICO v. Insurance Com'r*, 332 Md. 124, 132, 630 A.2d 713

26

(1993) (Legislature is presumed to be aware of an earlier enacted statute). The General Assembly's decision not to amend CR §5-622 suggests that it intended to allow a prosecutor the discretion to charge a violation of CR §5-622(b) instead of a violation of PS §5-133(c)(1)(ii), and leave open the possibility that a sentencing court might impose something less than a sentence of five years incarceration in the circumstances of the particular case.[26]  *See Frazier v. State*, 318 Md. 597, 615, 569 A.2d 684 (1990) (absence of an amendment to an existing statute when Legislature passes an overlapping proscription indicates that the Legislature intended for both statutes to co-exist).

3.    Summary

The two criminal statutes at issue in this case each describe with some precision the conduct that constitutes a violation.[27]  On the facts of this case, the State's Attorney had discretion to charge Mr. Oglesby with a violation of PS §5-133(c)(1)(ii) or of CR §5-622(b), or both.  Absent an allegation that the decision was exercised contrary to some constitutional or legal norm, it is not subject to judicial oversight as to whether the statute with the more stringent or the more lenient penalty should have been charged.

---

[26] This is in contrast to the Legislature's decision when it enacted the 1991 law to delete the overlapping provision with the more lenient sentencing provision.

[27] The Court has found ambiguity – and applied the rule of lenity – on the question of the unit of prosecution under PS §5-133(c)(1)(ii). *See Melton v. State*, 379 Md. 471, 842 A.2d 743 (2004) (unit of prosecution relates to act of possession, not number of prior qualifying offenses).  In this case, there is no issue as to the provision that defines the offense; rather the issue is whether the penalty provision is ambiguous.

27

There is no ambiguity in either statute as to the penalty that the Legislature has authorized for a conviction. The legislative history confirms that the General Assembly intended to provide for a mandatory minimum sentence for a violation of PS §5-133(c)(1)(ii). The fact that a violation of CR §5-622(b) carries a different penalty does not mean that either penalty provision is ambiguous. There is no occasion to apply the rule of lenity to cap the sentence for a violation of PS §5-133(c)(1)(ii) with that of a more lenient potential offense that could have been charged.[28]  In the context of a merger of sentences, where the prosecution has actually charged two overlapping offenses and a court determines that two counts on which a defendant was convicted were based on the same factual elements, the conviction that carries the lesser penalty is merged into the conviction that carries the greater penalty for purposes of sentencing. *See, e.g.*, *Brooks v. State*, 439 Md. 698, 736-42, 98 A.3d 236 (2014).[29]

The Supreme Court considered a similar argument concerning two overlapping federal statutes that prohibited possession of a firearm by a convicted felon but carried different maximum penalties, and declined to apply the rule of lenity to negate the more stringent sentencing provision. As Justice Thurgood Marshall, on behalf of a

---

[28] Taken to its logical conclusion, a rule of lenity that operated in that fashion would require a sentencing court to canvas the various statutory offenses that might have been charged in a particular case, select the one with the most lenient sentencing provision, and cap the sentence accordingly.

[29] Had the prosecution charged both offenses in Mr. Oglesby's case, it might well be that a conviction under CR §5-622(b) would merge into the conviction under PS §5-133(c)(2) for sentencing purposes, *see State v. Lee*, 178 Md. App. 478, 490 n.5, 943 A.2d 14 (2008), although we need not decide that issue under the circumstances of this case.

unanimous Court, observed: "That [one statute] provides different penalties for essentially the same conduct is no justification for taking liberties with the unequivocal statutory language. ... Where, as here, Congress conveyed its purpose clearly, ... we decline to manufacture ambiguity where none exists." *United States v. Batchelder*, 442 U.S. 114, 121-22 (1979) (internal quotation marks and citation omitted).[30]

Accordingly, when, as here, the conduct at issue is proscribed by both statutes, the prosecutor may choose whether to pursue a conviction under PS §5-133(c)(1)(ii) or CR §5-622(b) and the appropriate sentence will be a sentence corresponding to the statute under which the defendant is convicted.[31]

---

[30] In *Batchelder*, the defendant had been charged and convicted under a federal statute that prohibited a felon from receiving a firearm that had traveled in interstate commerce. The defendant was sentenced to five years imprisonment, the maximum under that statute. As in the instant case, another federal statute criminalized the same conduct, but provided for a lesser maximum penalty – two years incarceration. Like Mr. Oglesby, the defendant argued that the rule of lenity required that he be sentenced in accordance with the more lenient statute, even though he had not been charged or convicted of a violation of that statute.

[31] Although not raised in this case, we note that the potential for varying punishments based on the same conduct does not violate the United States Constitution or Article 24 of the Maryland Declaration of Rights. *Stubbs v. State*, 406 Md. 34, 50-53, 956 A.2d 155 (2008).

Additionally, there is no concern here that the statutes did not give proper notice of the potential penalty. *See* 3 Sutherland Statutory Construction §59:4 (7th ed.) (noting the rule of lenity developed based on "a belief that one should not be punished by loss of liberty unless the law has provided a fair warning of what conduct is considered criminal"). PS §5-133(c)(2) imposes a mandatory minimum for violation of paragraph (c)(1), which is sufficient to give notice to any potential defendant that the possession of a regulated firearm after a disqualifying conviction specified in paragraph (c)(1) is subject to a mandatory minimum penalty.

**C.** ***Whether the Reasoning of Waye v. State Requires that a Defendant Convicted of a Violation of PS §5-133(c)(1)(ii) be Sentenced under CR §5-622(c)***

We briefly address the significance of *Waye v. State*, 231 Md. 510, 191 A.2d 428 (1963). In the withdrawn portion of this Court's *Alston* opinion, the Court's initial majority relied heavily on *Waye*, although *Waye* did not involve an application of the rule of lenity.[32] Indeed, in *Waye*, the Court's decision was based on an assessment of the Legislature's intent underlying the pertinent statutes and there was therefore no need to resort to the rule of lenity.

In *Waye*, the defendant was charged and convicted of a violation of the False Pretenses Act,[33] which carried a maximum sentence of 10 years incarceration. A statute that criminalized a particular type of theft by false pretenses – the Worthless Check Act[34] – had provided for a similar penalty, but had recently been amended to provide a maximum period of 18 months incarceration if the value obtained by means of the worthless check was less than $100. The Court held that the Legislature had not intended to retain the greater penalty for violation of the False Pretenses Act when the violation of that statute involved a worthless check used to obtain a value less than $100. The Court thus construed the relatively recent amendment of the sentencing provision of the narrower statute – the Worthless Check Act – to also apply to the

---

[32] Although Mr. Oglesby did not cite *Waye* in his brief, his counsel invoked the decision at oral argument.

[33] At the time of the *Waye* decision, that law appeared at Article 27, §140.

[34] At the time of the *Waye* decision, that law appeared at Article 27, §142.

broader statute – the False Pretenses Act – in those circumstances. 231 Md. at 516.[35]

*Waye* does not appear to be pertinent to Mr. Oglesby's case. If the reasoning of *Waye* were applied to analyze the statutes in this case, it would mean that the sentencing provision of the narrower, more recently enacted statute – here, the mandatory minimum sentence in PS §5-133(c)(2) – would be read into the older and broader statute – here, CR §5-622 – when a conviction under the latter statute was supported by facts that would have permitted a prosecution under the former statute.[36] But we are not dealing with a conviction under CR §5-622 and no one is arguing that the mandatory minimum sentence for certain convicted drug offenders found in possession of regulated firearms should be imported into the existing provisions of CR §5-622.[37]

In light of the Legislature's clear intention to establish a mandatory minimum sentence for certain convicted drug offenders found in possession of regulated firearms,

---

[35] The Court concluded that the Legislature did not intend to confer discretion on a prosecutor to create the possibility of a more severe sentence simply by charging an offense under the False Pretenses Act: "we do not believe that the Legislature intended to create such an anomalous and incongruous situation ... simply because someone decides to bring the prosecution under [the False Pretenses Act]." 231 Md. at 516.

[36] Similarly, had the General Assembly created the two sentencing provisions in the same statute, PS §5-133(c)(2), as the later enacted provision, would prevail over CR §5-622(c) to the extent there was an irreconcilable conflict between the two. Maryland Code, General Provisions Article, §1-207.

[37] For a variety of reasons, it is unlikely that the Court would apply the reasoning of *Waye* to construe CR §5-622 in that manner, although we need not address that question in this case.

31

it would frustrate legislative intent and thus be quite at odds with the governing principle of *Waye* – fidelity to legislative intent – to hold that the mandatory minimum sentence provision is a nullity. Indeed, those convicted of serious drug offenses would be treated more leniently than other individuals convicted of crimes listed in PS §5-133(c)(1). The bottom line is that the reasoning in *Waye* does not support a conclusion contrary to the one we have reached.

A more analogous case to Mr. Oglesby's situation is *Stubbs v. State*, 406 Md. 34, 50, 956 A.2d 155 (2008). In *Stubbs*, the defendant had been convicted and sentenced under a provision of the consolidated theft statute pertaining to thefts involving a value less than $500. On appeal, the defendant argued, among other things, that because the evidence at trial did not show a value greater than $100, his sentence should not have exceeded the lesser sentence provided for a charge of theft of an item with a value less than $100. After reviewing the statutory text and legislative history of the consolidated theft statute, this Court concluded that the Legislature intended to allow a prosecutor the discretion to charge either offense and relied on the passage from *Batchelder* quoted above. *See* Part II.B.3 of this opinion. In our view, the Legislature conferred similar discretion upon the prosecutor in this case.

## III
### Conclusion

The fact that two criminal statutes overlap to some extent – or to a great extent – and provide for different penalties upon conviction does not alone create an

32

ambiguity that must be resolved by application of the rule of lenity. When the language of the statute under which a defendant is charged is clear, and the legislative history confirms that the Legislature intended to establish the penalty set forth in that statute, there is no occasion to apply the rule of lenity. The application of the rule in the circumstances of this case would effectively repeal the General Assembly's most recent enactment penalizing gun possession by those convicted of serious drug crimes. Accordingly, the rule of lenity did not require that Mr. Oglesby be sentenced under CR §5-622(c) for his conviction under PS §5-133(c)(1)(ii). Nor does the reasoning of *Waye v. State* require such an outcome.

One may legitimately question whether a mandatory minimum sentence is ever a good idea, as it strips the sentencing judge of the discretion to fit the sentence to the particular case and may transfer power over the disposition from the court to the prosecution.[38] But that is a decision for the Legislature, as the courts have generally rejected constitutional challenges to such sentencing provisions.[39]

---

[38] *See, e.g.,* Eric Holder, Testimony before United States Sentencing Commission on March 13, 2014, 26 Fed. Sent. R. 246, 2014 WL 4745522 (April, 2014), available at <http://www.justice.gov/opa/pr/attorney-general-holder-urges-changes-federal-sentencing-guidelines-reserve-harshest>; Erik Luna & Paul G. Cassell, *Mandatory Minimalism*, 32 Cardozo L.Rev. 1, 3 (2010) (summarizing arguments against mandatory minimum sentences).

[39] *See, e.g., United States v. Chapman,* 500 U.S. 453, 467 (1991) (statute that required a mandatory minimum for certain drug crimes did not impose an arbitrary sentence and thus did not violate due process); *State ex rel. Sonner v. Shearin*, 272 Md. 502, 513, 325 A.2d 573 (1974) (trial court not authorized to suspend part of a mandatory minimum sentence as the legislature may limit the court's discretion to impose a sentence)*; United States v. Hughes*, 632 F.3d 956, 962 (6th Cir. 2011)
(continued...)

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[39] (...continued)
(rejecting due process, Eighth Amendment, and separation of powers challenges to the imposition of a mandatory minimum); *but cf. Alleyne v. United States*, 133 S.Ct. 2151, 2162 (2013) (mandatory minimums violate the Sixth Amendment unless any fact that increases the mandatory minimum is submitted to the jury for determination).