REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2541

September Term, 2015

_____

VAQAR CHOUDRY

v.

STATE OF MARYLAND

_____

Krauser, C.J.,
Friedman,
Salmon, James P.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Friedman, J.

_____

Filed:  February 3, 2017

*This is an unreported opinion, and it may not be cited in any paper, brief, motion, or other document filed in this Court or any other Maryland Court as either precedent within the rule of stare decisis or as persuasive authority.  Md. Rule 1-104.

The question in this case is whether the crime of sexual solicitation of a minor can be committed when there is no minor or a law enforcement officer posing as a minor involved. We conclude that it cannot.

## FACTUAL BACKGROUND

In 2013, Vaqar Choudry sought the help of Corina Drury to find a prepubescent female child with whom Choudry could have sexual relations. Drury did not procure such a child for Choudry, but instead contacted the police to report Choudry's plan. In recorded conversations, Drury spoke to Choudry on the phone and in person to discuss the logistics of procuring a minor for Choudry and what Choudry planned to do with that minor. Although Drury never contacted a minor, she made up an elaborate story about a fake 12-year old girl and called her "Chelsea." Drury even asked the police for a picture of a "young looking girl" that she could send to Choudry as proof that she had procured a minor for him. A few weeks after Choudry's initial request, Drury, acting on police instructions, informed Choudry that the minor was ready for him and that he should meet Drury and the minor at a motel later that day. When Choudry arrived at the motel, he was arrested by the police. There was no minor or law enforcement officer posing as a minor at the motel when Choudry was arrested.

Choudry was charged with sexual solicitation of a minor and human trafficking. After a bench trial, Choudry was found guilty of sexual solicitation of a minor and sentenced to five years, all suspended, a $1,000 fine, and a two-year period of probation.

## DISCUSSION

On appeal, Choudry contends that he cannot be found guilty of the crime of sexual solicitation of a minor because, in his case, there was never a minor or a law enforcement officer posing as a minor involved in his attempts to obtain a minor through Drury. He contends that the plain language of the statute requires that there be an actual minor child or a law enforcement officer posing as a minor. The State counters that, because Choudry solicited a minor child through his agent Drury, there did not need to be an actual minor or a particular minor available. We conclude that the statute unambiguously requires that a defendant solicit a minor or a law enforcement officer posing as a minor, and, therefore, we must vacate Choudry's conviction.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature." *Stoddard v. State*, 395 Md. 653, 661-62 (2006). This process starts with looking at the language of the statute. *Id.* "[E]ven when we believe that the language of the statute renders legislative intent clear, [however,] it is appropriate to examine the legislative history as a confirmatory process." *Gomez v. Jackson Hewitt Inc.*, 427 Md. 128, 160 (2012); *see also Bourgeois v. Live Nation Entertainment, Inc.*, 430 Md. 14, 27 (2013) ("Legislative history may be considered in an effort both to confirm what appears to be a clear intent from the language itself and to discern legislative intent when that intent is not entirely clear from the statutory language.").

The prohibition on sexual solicitation of a minor is found in Criminal Law ("CR") § 3-324. That section reads:

> (b) A person may not, with the intent to commit a violation of [various sex crime statutes], knowingly solicit *a minor, or a law enforcement officer posing as a minor*, to engage in activities that would be unlawful for the person to engage in under [various sex crime statutes].

Md. Code Ann., CR § 3-324(b) (emphasis added). The crime of sexual solicitation of a minor, therefore, has three elements: (1) solicitation; (2) of a minor or a law enforcement officer posing as a minor; and (3) to engage in a prohibited sex act.

Although it is difficult to reconstruct the legislative disagreement that resulted in this compromise language, it is obvious that the language selected as the second element was an intentional compromise. Prior to 2004, the predecessor to CR § 3-324 prohibited engaging in certain sexual acts with actual minors but did not apply to any non-minors.[1] During the 2004 legislative session, SB512 was introduced in a form that would have broadened this provision to include a prohibition not only on soliciting minors, but also on soliciting any "individual the person believes to be a minor." 2004 Sess., Senate Bill 512, First Reading (available at https://perma.cc/SJ57-39NB). The House and Senate each

---

[1] Prior to the passage of CR § 3-324, engaging in certain sexual acts with a minor was prohibited through the common law. *See* Fiscal and Policy Note Revised, 2004 Sess., SB512; *Quispe del Pino v. State*, 222 Md. App. 44, 51 (2015) (stating that with the passage of CR § 3-324 "sexual solicitation of a minor became a crime in Maryland for the first time."). The common law as it existed before the passage of CR § 3-324, however, did not address the use of the internet or undercover officers posing as minors for investigatory purposes. CR § 3-324 closed these loopholes so that defendants soliciting a minor through any means, such as over the internet, or a defendant soliciting a law enforcement officer posing as a minor can now be guilty of sexual solicitation of a minor. *See e.g.,* Letter from The Maryland Sheriffs' Association, Inc. to Hon. Brian E. Frosh, Chairman and Members, Judicial Proceedings Comm. (March 9, 2004) (on file Legislative Services Bill File SB512 (2004)).

amended SB512 differently and, in the waning hours of the 2004 legislative session, a conference committee proposed the compromise that became the law: rather than prohibit solicitation based on the defendant's subjective intent to solicit a minor, or anyone the defendant thinks is a minor, the prohibition would be objective, banning the sexual solicitation of a minor or a law enforcement officer posing as a minor. 2004 Sess., Senate Bill 512, Enrolled Bill (available at: https://perma.cc/2A7N-5W4A). Thus, we hold that the legislature intended courts to apply an objective standard to determine the second element of the crime, whether the defendant solicited a minor or a law enforcement officer.

In Choudry's case, the parties agree that there was not an actual minor or law enforcement officer posing as a minor solicited. Because the element of "a minor" or "law enforcement officer posing as a minor" is required and was not fulfilled, Choudry did not violate CR § 3-324. As a result, we must vacate his conviction.[2]

The State's argument that Choudry successfully *attempted* to solicit a minor through an agent also must fail because attempted sexual solicitation of a minor is not a crime in Maryland. The language of the CR § 3-324 does not include a prohibition on attempted

---

[2] The State focuses its argument on this point: that by asking Drury to solicit a minor for him, Choudry had already committed the crime of sexual solicitation of a minor even if Drury did not go on to procure a minor. The State's argument, however, focuses only on the first element—solicitation specifically through an agent. The State's argument does not respond to the second element, whether there still must be a minor or law enforcement officer posing as a minor involved. Of course, nothing in the language of the statute suggests that depending on the means of solicitation, the other elements of the offense are negated.

sexual solicitation of a minor, nor is there a separate statute making it unlawful to attempt

sexual solicitation of a minor. Unless and until the Legislature creates such an attempt

crime, Choudry's actions, no matter how repugnant and indefensible, were not a crime.[3]

> **JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY VACATED AND REMANDED FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY WASHINGTON COUNTY.**

---

[3] Choudry also argues that the rule of lenity should sway our analysis in his favor. The rule of lenity, however, has no application. The rule of lenity is a rule of construction that applies "when [a criminal statute] is open to more than one interpretation and the court is otherwise unable to determine which interpretation was intended by the Legislature." *Oglesby v. State*, 441 Md. 673, 676 (2015). Here, the statute is not open to more than one interpretation and, therefore, there is no need to employ the rule of lenity. *See Richmond v. State*, 326 Md. 257, 269 (1992) (stating that because the legislative intent in that case was clear, the rule of lenity was inapplicable.)