Concurring Opinion by
Getty, J.,
which Barbera, C.J., and McDonald, J., join.
I concur in the result reached by the Majority. I agree that the plain language of Criminal Law (“CR”) § 3-315 prohibits a defendant from being convicted and sentenced for multiple counts of a continuing course of conduct corresponding to each type of sexual act prohibited under the statute, and I join fully in this portion of the Majority’s opinion. See Majority Op. at 265-68, 156 A,3d at 878-80. I also agree that CR § 3-315 is ambiguous with respect to whether the State can charge a *277 defendant with multiple course-of-conduct offenses against the same victim by dividing the abuse into successive periods of time. See id. at 269, 156 A.3d at 881 (“The plain language of the statute is ambiguous, as it is subject to multiple competing reasonable interpretations.”). However, I disagree with the Majority’s conclusion that this ambiguity cannot be resolved by the ordinary tools of statutory interpretation. See id. at 275, 156 A.3d at 884 (“In the case at bar, the standard tools of statutory interpretation fail to discern the legislative intent regarding whether Crim. Law § 3-315 prohibits more than one conviction and sentence per victim, regardless of the duration of the abuse.”).
Instead, I would hold that the Court can ascertain the legislative intent of CR § 3-315 by viewing the plain language “within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute.” See id. at 264, 156 A.3d at 878 (quoting State v. Johnson, 415 Md. 413, 421, 2 A.3d 368 (2010)). Therefore, I would not resort to applying the rule of lenity, which “only informs our interpretation of a criminal statute when the standard tools of statutory interpretation fail to discern the intent of the Legislature.” See id. at 275, 156 A.3d at 884 (quoting Gardner v. State, 420 Md. 1, 17, 20 A.3d 801 (2011)).
Although the Majority provides a thorough analysis of the legislative history and purposes of CR § 3-315, and of the statutes from other jurisdictions that served as models, I believe the Majority fails to give appropriate consideration to the starting point for any statutory interpretation analysis: the plain language of the statute. I find it telling that the statute always refers to the continuing course of conduct offense in the singular form. For example, CR § 3-315(a) provides, “A person may not engage in a continuing course of conduct ... with a victim who is under the age of 14 years at any time during the course of conduct.” (Emphasis added.) Even more telling is that the statute also consistently refers to the time period over which the course of conduct occurs in the singular form. Paragraphs (1) and (2) of CR § 3—315(d) both state, “A person may not be charged with a violation of § 3-303, § 3-304, § 3-305, § 3-306, or § 3-307 of this subtitle *278 involving the same victim ... unless the [other] violation occurred outside the time period charged under this section.” (Emphasis added.)
This language, while not conclusive, supports Mr. Bey’s interpretation of the statute: the State is limited to one conviction for one continuing course of conduct per victim, even if the course of conduct persists for consecutive periods of at least ninety days each. If the General Assembly had intended to permit the State to charge multiple course-of-conduct offenses for multiple ninety-day intervals of abuse, it could have stated that charges for individual violations of CR §§ 3-303 through 3-307 must occur “outside the time periods charged under this section.” This reading of the plain language of the statute, considered in context with the purposes of the statute discussed by the Majority, see Majority Op. at 269-72, 156 A.3d at 881-82, leads me to conclude that the General Assembly intended to limit the continuing course of conduct offense to one conviction per defendant, unless there are multiple victims.
Accordingly, I would not apply the rule of lenity in this case because I believe it is possible to determine the legislative intent of CR § 3-315 using our ordinary tools of statutory interpretation. As previously stated, the Majority notes that “the rule of lenity only informs our interpretation of a criminal statute when the standard tools of statutory interpretation fail to discern the intent of the Legislature.” Majority Op. at 275, 156 A.3d at 884 (quoting Gardner, 420 Md. at 17, 20 A.3d 801). In other words, the rule of lenity provides a default position for the Court when the ordinary tools of statutory interpretation fail to resolve the ambiguity in the statute. See Oglesby v. State, 441 Md. 673, 676, 109 A.3d 1147 (2015) (“When a court construes a criminal statute, it may invoke a principle known as the ‘rule of lenity’ when the statute is open to more than one interpretation and the court is otherwise unable to determine which interpretation was intended by the Legislature.” (emphasis added)). Here, I believe the Court can determine, based on an analysis of the plain language, structure, and purposes of the statute, which of the two competing *279 interpretations was intended by the Legislature and, therefore, the Court need not resort to the rule of lenity in this case.
Chief Judge Barbera and Judge McDonald have authorized me to state that they join in this opinion.