*7222 Ambassador Road, LLC v. National Center on Institutions and Alternatives, Inc.*
No. 66, September Term 2019

**Limited Liability Companies – Forfeiture of Right to do Business – Appeals**. A limited liability company ("LLC") organized under the Maryland Limited Liability Company Act must file certain reports and make required tax payments and unemployment insurance contributions upon pain of losing the right to do business in Maryland. A Maryland LLC that failed to file a required report, thereby forfeiting the right to do business in Maryland, was precluded from continuing to prosecute an action in the Maryland courts against a non-profit entity that was a former tenant of an office building owned by the LLC. Accordingly, the LLC's appeal of a decision adverse to the LLC in the Circuit Court was dismissed because the appeal was not permitted by law.

Maryland Code, Corporations & Associations Article, §4A-901 *et seq*.; Maryland Rule 8-602(b)(1).

IN THE COURT OF APPEALS
OF MARYLAND

No. 66

September Term, 2019

_____

7222 AMBASSADOR ROAD, LLC

V.

NATIONAL CENTER ON INSTITUTIONS AND
ALTERNATIVES, INC.

_____

Barbera, C.J.,
McDonald
Watts
Hotten
Getty
Booth,
Biran,

JJ.

_____

Opinion by McDonald, J.
Biran, J., concurs.

_____

Filed: July 27, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

The issue initially raised in this appeal concerned a discovery sanction imposed in a civil case. However, an unfortunate thing happened on the way to this forum. It turned out that the party that initiated this appeal had been delinquent in maintaining its status as a limited liability company ("LLC") authorized to do business in Maryland. As a result, the dispositive issue on this appeal concerns compliance with the law governing Maryland LLCs.

Petitioner 7222 Ambassador Road, LLC ("Ambassador Road LLC") initiated this action against Respondent National Center for Institutions and Alternatives, Inc. ("NCIA") in the Circuit Court for Baltimore County. NCIA prevailed in the Circuit Court and in the Court of Special Appeals. After the Court of Special Appeals issued its opinion, but before Ambassador Road LLC filed its petition for *certiorari* with this Court, it forfeited its right to do business in Maryland because it had failed to file the annual report required of every Maryland LLC. It later failed to reverse that forfeiture by rectifying that delinquency within a statutory 60-day grace period. Ambassador Road LLC took no action to comply with the Maryland LLC law until after NCIA filed a motion to dismiss this appeal based on the forfeiture of Ambassador Road LLC's right to do business.

We hold that, in the particular circumstances of this case, this appeal must be dismissed.

## Background

*A.    Limited Liability Companies*

The Maryland Limited Liability Company Act ("LLC Act") is codified at Maryland Code, Corporations & Associations Article ("CA"), §4A-101 *et seq.*  A limited liability company, or LLC, is a form of business organization that has characteristics of both a partnership and a corporation.  While a corporation is owned by its shareholders and a partnership is owned by its partners, an LLC is owned by its members.  CA §4A-601 *et seq.*  Like shareholders of a corporation, but unlike partners in a general partnership, the members of an LLC have the shield of limited liability.  CA §4A-301.  However, an LLC may be treated like a partnership for tax purposes, thus avoiding the second level of taxation that occurs in a corporation.  *See* Internal Revenue Service, *Taxation of Limited Liability Companies*, Publication 3402 (rev. March 2020).  In addition, the inherent flexibility of an LLC may make that form of organization more attractive to business planners than other types of hybrid business organization that have characteristics of both corporations and partnerships, such as limited partnerships or Subchapter S corporations.  *See* R.M. Ercole, *et al.*, Maryland Limited Liability Company Forms and Practice Manual (1999 ed., 2019 Supp.) at 1-3; P. Molk, *Protecting LLC Owners While Preserving LLC Flexibility*, 51 U.C. Davis L. Rev. 2129, 2132 (2018) (governance flexibility of LLCs "can be especially attractive" compared to other forms of business organization).

To form an LLC in Maryland and reap the benefits of this form of business organization, its organizers must execute articles of organization and file them with the

State Department of Assessment and Taxation ("SDAT"). CA §4A-202. Among other general powers, an LLC may sue and be sued. CA §4A-203(2). The members of an LLC may enter into an operating agreement that further elaborates the management, control, and operation of the LLC. CA §4A-402.

The LLC Act limits the right of an LLC to do business in the State if the LLC fails to make certain filings and payments required by law. CA §4A-911. In particular, each year the Comptroller is to certify to SDAT a list of LLCs that have failed to pay by October 1 of that year a tax that is due; the Comptroller is to simultaneously notify each of those LLCs that its right to do business in Maryland is in jeopardy. CA §4A-911(a). Similarly, each year the Secretary of Labor is to certify to SDAT a list of LLCs that have not made a required unemployment insurance contribution before October 1 of that year and simultaneously warn each of those LLCs that its right to do business in Maryland is in jeopardy. CA §4A-911(b). SDAT itself is to certify a list of LLCs that have failed to file a required annual report with SDAT by October 1 each year.[1] CA §4A-911(c).

After the lists of delinquent LLCs are certified, SDAT issues a proclamation that each of those LLCs has forfeited the right to do business in Maryland and to use the LLC's name in Maryland. CA §4A-911(d). Within 10 days of that proclamation, SDAT is to mail notice of the proclamation to each LLC that is the subject of the proclamation. CA §4A-912. To regain the right to do business in Maryland, an LLC must make any required

---

[1] Under Maryland Code, Tax-Property Article, §11-101(a), an LLC must file a personal property report with SDAT by April 15 each year.

3

filings, pay delinquent taxes and unemployment insurance contributions, and file articles of reinstatement with SDAT. CA §4A-915 through §4A-917. If an LLC cures the deficiencies in its filings and payments within 60 days of forfeiture, its right to do business and to use its name in Maryland is retroactively restored as of the date of forfeiture. CA §4A-912.[2] The statute provides that it is a misdemeanor punishable by a fine for anyone to knowingly transact business on behalf of an LLC while the LLC's right to do business in Maryland is forfeited. CA §4A-919.

Upon forfeiture of its right to do business, the LLC is not completely disabled. A savings provision in the LLC Act recognizes the validity of certain actions of the LLC and allows the LLC to defend itself in litigation. It provides:

> The forfeiture of the right to do business in Maryland and the right to the use of the name of the limited liability company under [the Limited Liability Company Act] does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture, or prevent the limited liability company from defending any action, suit, or proceeding in a court of this State.

CA §4A-920. The scope of this savings provision is the subject of this opinion.

## B.  The Underlying Litigation

The underlying facts and procedural path of this case prior to the forfeiture of Ambassador Road LLC's right to do business in Maryland do not affect the disposition of this case. We briefly describe them for context.

---

[2] If the proclamation is made in error as to a particular LLC, a corrective proclamation can retroactively restore the right to do business and use the LLC's name in Maryland. CA §4A-913.

Ambassador Road LLC is a Maryland limited liability company that owned a commercial office building in Baltimore County. Beginning in 1998, Ambassador Road LLC leased that property to NCIA, a non-profit entity that provides care and treatment for intellectually and emotionally disabled individuals and those involved in the criminal justice system.[3] By 2015, NCIA had found other quarters. It did not renew the lease with Ambassador Road LLC and vacated the property at the end of 2015. A dispute arose about whether NCIA had left the property in the condition required by the lease and whether it was required to compensate Ambassador Road LLC for the alleged failure to do so. In August 2016, Ambassador Road LLC sued NCIA for breach of contract in the Circuit Court for Baltimore County.

During the course of that litigation, a discovery dispute arose. Ambassador Road LLC failed to formally designate an expert witness by the deadline in the Circuit Court's scheduling order. On the eve of trial, NCIA filed a motion *in limine* that asked the Circuit Court to sanction Ambassador Road LLC by limiting or excluding testimony of its witnesses. Ambassador Road LLC admitted that it had been delinquent in making the

---

[3] In fact, Ambassador Road LLC was formed specifically for that purpose. According to Ambassador Road LLC's brief, NCIA was one of two entities that owned equal shares of Ambassador Road LLC until 2007 when NCIA sold its half-interest to the managing member of an LLC that owned the other half of Ambassador Road LLC. A year later, the entire interest in Ambassador Road LLC was sold to an investment group controlled by William Knott. While this case was pending in the Circuit Court, Ambassador Road LLC sold the property that is the subject of this dispute. No argument has been made that this action relates to the "winding up" of Ambassador Road LLC. *See* CA §4A-904 *et seq*.

5

expert designation, but asserted that, as a practical matter, NCIA was aware of the expert, had already received his report, and had deposed him during discovery.

At a hearing in February 2018, the Circuit Court granted NCIA's motion *in limine*. Ambassador Road LLC's counsel advised the court that, as a result of the sanction, he had no case to present and the Circuit Court entered judgment in favor of NCIA.

Ambassador Road LLC appealed that decision. It argued that NCIA had failed to pursue the discovery sanction with "reasonable promptness," as required by Maryland Rule 2-432(d), and that, in any event, the Circuit Court had failed to consider the factors governing the imposition of discovery sanctions – often referred to as the "*Taliaferro* factors."[4]

The Court of Special Appeals, in an unreported split decision, held that the Circuit Court had not abused its discretion and affirmed the ruling. 2019 WL 4543114 (September 19, 2019). Judge Gould dissented. He expressed concern about the timing and characterization[5] of NCIA's motion in the Circuit Court and the fact the Circuit Court had not explicitly referred to the *Taliaferro* factors before it imposed a sanction.

---

[4] The *Taliaferro* factors were first outlined by this Court in *Taliaferro v. State*, 295 Md. 376 (1983). They include: whether a violation was technical or substantial; the timing of the ultimate disclosure; the reason, if any, for the violation; the degree of prejudice to the parties offering or opposing the evidence; and whether a postponement would suffice to cure any prejudice and was otherwise desirable. 295 Md. at 390-91. The parties do not dispute the relevance or content of the *Taliaferro* factors. Rather, their dispute concerns whether the Circuit Court in fact applied them and whether it did so properly.

[5] In Judge Gould's view, NCIA's motion should have been more appropriately treated as a motion for sanctions under the discovery rules rather than a motion *in limine*.

6

Ambassador Road LLC filed a petition for *certiorari*, which we granted.

## C.     *Forfeiture of Ambassador Road LLC's Right to do Business*

The timeline and facts concerning the forfeiture of Ambassador Road LLC's right to do business in Maryland are undisputed.

The Court of Special Appeals issued its decision on September 19, 2019, and the mandate was issued on October 23, 2019.  Ambassador Road LLC timely filed its petition for a writ of *certiorari* on November 6, 2019.  However, before it had filed its petition, Ambassador Road LLC had forfeited its right to do business in Maryland.

As indicated above, like every other Maryland LLC, Ambassador Road LLC was required to file, among other things, a personal property report with SDAT by April 15 each year.  It failed to make the requisite filing for 2018 by April 15, 2019.  As a result, Ambassador Road LLC's right to do business was forfeited pursuant to CA §4A-911 on October 11, 2019 – almost a month before it filed its petition for a writ of *certiorari*.[6]

NCIA subsequently discovered Ambassador Road LLC's status.  NCIA filed a motion to dismiss this appeal in conjunction with its brief on the merits, as permitted by

---

In his view that would have affected the analysis to be applied by the Circuit Court and the degree of deference to be accorded the Circuit Court's decision on appeal.

[6] According to the SDAT website, this was the second time since 2014 that Ambassador Road LLC had forfeited its right to do business in Maryland for failure to make the requisite filing with SDAT. *See* Filing History for 7222 Ambassador Road LLC, No. W04854386, at https://perma.cc/BE26-NLCR.

Maryland Rule 8-603(c).[7]  After the motion to dismiss was filed, Ambassador Road LLC obtained an extension for its reply brief, made the required filing with SDAT, filed articles of reinstatement, and responded to the motion to dismiss.  However, it took those actions nearly six months after the forfeiture – well after the 60-day grace period under the LLC Act that would have retroactively reversed the forfeiture.  Accordingly, Ambassador Road LLC's right to do business in Maryland remained forfeited for the period from October 11, 2019 through March 27, 2020 – the period during which it had sought to further prosecute this action by pursuing a second-level appeal in this Court.

We heard argument on the motion to dismiss in conjunction with arguments on the merits of the appeal.

## II

## Discussion

*Statutory Construction*

Resolution of the motion to dismiss requires that we construe the Maryland LLC Act – in particular, the forfeiture provision in CA §4A-911 and the savings provision in CA §4A-920.

The goal of statutory construction is, of course, to discern and carry out legislative intent.  That exercise begins with the statutory text read in its context, extends to review of the legislative history to confirm conclusions or resolve ambiguities, and often involves

---

[7] That rule authorizes the inclusion of a motion to dismiss an appeal in a brief when the motion is based on Maryland Rule 8-602(b)(1) – *i.e*., that "the appeal is not allowed by … other law."

8

consideration of the consequences of alternative interpretations. *Blue v. Prince George's County,* 434 Md. 681, 689 (2013). Care must be taken not to construe a statute so as to render parts of it meaningless or superfluous. *Oglesby v. State*, 441 Md. 673, 687 (2015). Prior case law concerning the statute or similar statutes often provides a helpful perspective. *State v. Thomas,* 465 Md. 288, 301 (2019).

*Application of the Forfeiture Statute and Savings Provision*

As outlined above, under CA §4A-911, a Maryland LLC that fails to make certain filings and payments required by State law forfeits its right to do business and to use its name in Maryland. It is undisputed that, at the time that Ambassador Road LLC filed its petition for a writ of *certiorari*, it had forfeited its right to do business in Maryland.[8] Ambassador Road LLC ultimately rectified its delinquency, but failed to do so within the 60-day window to obtain the retroactive forgiveness allowed by CA §4A-912. There is thus no question that for the period from October 11, 2019 through March 27, 2020, it had lost the right to do business in Maryland.

As outlined earlier, forfeiture of the right to do business does not render an LLC a complete non-entity. In particular, with specific reference to litigation, the savings provision in the LLC Act allows an LLC that has forfeited its right to do business to "defend

---

[8] Ambassador Road LLC argues that the motion to dismiss should be denied because it is based on facts outside the record of the underlying litigation that should have been established by affidavit. However, both parties have submitted certifications by SDAT as to the status of the LLC in connection with the motion to dismiss. In any event, there appears to be no dispute that Ambassador Road LLC had forfeited its right to do business in Maryland during the period in question.

any action, suit, or proceeding in a court of this State."  CA §4A-920.  But Ambassador Road LLC is not "defending" an action in this case.  It initiated this litigation by filing a complaint against NCIA.  When it lost in the Circuit Court, it pursued an appeal to the Court of Special Appeals.  When it lost its first-level appeal, it initiated a second-level appeal by filing a petition for a writ of *certiorari.*  It cannot be seriously said that Ambassador Road was "*defend[ing]* any action, suit, or proceeding" in prosecuting its complaint and its appeal – and Ambassador Road LLC does not attempt to argue otherwise.  In our view, Ambassador Road LLC lacked authority to file a petition for writ of *certiorari* at the time it did so and the restoration of its right to do so came long after the deadline for filing such a petition.[9]

Ambassador Road LLC instead focuses on the part of CA §4A-920 that states that forfeiture "does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture."  It argues that the word "act" should be construed to include a notice of appeal and, presumably, the filing of a petition for a writ of *certiorari*.  Under that interpretation of the statute, any step taken in litigation would be an "act" that could be taken while the LLC's right to do business was forfeited – an interpretation that would render wholly superfluous the part of the savings provision that specifically permits a forfeited LLC to "defend" litigation.  Indeed, virtually anything

---

[9] Ambassador Road has not argued that the filing of its articles of reinstatement in April 2020 and its restoration to good standing somehow relates back to the time it filed its petition for *certiorari* – appropriately so, as there is no textual or other legal support for extending the statutory 60-day grace period for retroactive restoration to six months.

10

that an LLC does could be classified as an "act" – which would nearly negate the forfeiture provision altogether.

In our view, the savings provision does not exist simply to give back what the forfeiture provision takes away. Rather, it provides some protection for those with whom the LLC does business. By upholding the validity of the LLC's contractual obligations and allowing it to defend litigation initiated by others, the savings provision prevents the forfeiture from being used to the detriment of third parties. Thus, an LLC cannot avoid fulfilling its contracts or deprive someone else of a judicial remedy against the LLC simply by succumbing to forfeiture.

Consistent with its position that the savings provision largely neutralizes the effect of a forfeiture, Ambassador Road LLC argues that the sole sanction entailed by a forfeiture under the LLC Act is that one who acts on behalf of the LLC following forfeiture could be subject to a misdemeanor prosecution and fine under CA §4A-919. This would seem to allow the possibility of an LLC remaining delinquent in its statutory obligations indefinitely and still initiating and prosecuting litigation with the sole sanction being the prospect that someone might interest a State's Attorney in devoting resources to a misdemeanor prosecution of the LLC's employees or agents.

*Legislative History*

The legislative history of the LLC Act demonstrates that the forfeiture provision was not intended to be as inconsequential as Ambassador Road LLC believes. When the Maryland LLC Act was first enacted by the General Assembly in 1992, it did not contain any provisions that penalized the failure of a Maryland LLC to make required filings and

11

payments.[10] *See* Chapter 536, Laws of Maryland 1992, *codified in pertinent part at* CA §4A-101 *et seq*. (1993 Repl. Vol.).

This contrasted with the Maryland General Corporation Law, which had long provided for forfeiture of a corporate charter if a corporation fails to make certain required filings and payments. *See* Chapter 226, §144, Laws of Maryland 1929; *see also* CA §3-503(d).[11] It is well established that forfeiture of a corporate charter nullifies affirmative litigation brought on behalf of the corporation and a subsequent revival of the corporate charter does not retroactively cure the deficiency. *See Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163-66 (2004) (affirming dismissal of complaint because forfeiture of plaintiff's corporate charter for failure to file annual report rendered initial complaint filed within period of limitations a "nullity" and subsequent revival of corporation and amendment of complaint did not relate back to period of forfeiture); *Hill Construction v. Sunrise Beach, LLC*, 180 Md. App. 626, 636 (2008) (appeal dismissed because forfeiture

---

[10] The law penalized in certain respects a foreign LLC that failed to register with SDAT before conducting business in Maryland. *See* CA §4A-1007. In *A Guy Named Moe, LLC v. Chipotle Mexican Grill*, 447 Md. 425 (2016), this Court held that a foreign LLC that filed suit before registering with SDAT could cure that deficiency through a belated registration. The Court distinguished case law construing the forfeiture provisions applicable to Maryland LLCs on the basis that the statute governing foreign LLCs is worded differently. 447 Md. at 447-49.

[11] The various iterations of the Uniform Limited Liability Act have similarly all provided for "administrative dissolution" of an LLC that fails to file annual reports with the state in which it is organized. *See* 6C Uniform laws Annotated, Limited Liability Company Act (1996), §809; Revised Limited Liability Company Act (2006), §705; Limited Liability Company Act (harmonized 2013), §708.

of appellant's corporate charter during pendency of action rendered its notice of appeal "null and void" and charter was not revived until after the period for noting an appeal).

In 1995, legislation was introduced in the General Assembly to include similar forfeiture provisions in the LLC Act and other laws related to business organizations with filing requirements.[12] The legislation was a departmental bill proposed by SDAT.[13] The bill included the forfeiture provision, the savings provision and related sections currently codified at CA §4A-911 through §4A-920. SDAT advised the General Assembly that, while corporations had long been subject to forfeiture of the corporate charter for failure to make required filings and payments, the absence of a comparable sanction for other types of business entities had made it "more difficult to ensure tax compliance." House Economic Matters Committee Report for House Bill 871 (1995). The forfeiture provision was intended to "fill this gap." Senate Judicial Proceedings Committee, Bill Analysis of House Bill 871 (1992). It was noted that the penalty for an LLC was not as severe as for a corporation, as the charter of a corporation would be revoked while an LLC would lose the right to do business. *Id.* The bill passed as proposed without amendment. Chapter 295, Laws of Maryland 1995.

---

[12] The bill created parallel forfeiture provisions for limited liability partnerships and limited partnerships. *See* CA §9A-1007 *et seq.*; CA §10-209 *et seq.* Later legislation added forfeiture provisions for business trusts. *See* CA §12-801 *et seq.*

[13] *See Blackstone v. Sharma,* 461 Md. 87, 126 n.19 (2018) (departmental bills are "requests from departments and agencies to make revisions to statutes for general housekeeping purposes or to close loopholes").

As is evident, while the 1995 amendments did not threaten the full equivalent of corporate capital punishment for delinquent LLCs, they were intended to incentivize compliance with the LLC's tax and reporting obligations by threatening loss of the LLC's ability to fully exercise its powers.

*Case Law*

The Court of Special Appeals has had occasion to apply the forfeiture and savings provisions of the LLC Act. It has concluded that an LLC that has forfeited its right to do business may not pursue affirmative litigation, including an appeal, during the period of forfeiture. *Price v. Upper Chesapeake Health Ventures, Inc.*, 192 Md. App. 695 (2010). In *Price*, certain members of an LLC filed a derivative action on behalf of the LLC against other members of the LLC and other defendants to block the sale of the LLC's assets to one of the LLC's members.[14] However, the LLC had forfeited its right to do business in Maryland because it had failed to make the requisite filings under the LLC Act. The circuit court dismissed the complaint for several reasons, including that the LLC had "ceased to legally exist." 192 Md. App. at 702.

On appeal, the Court of Special Appeals analyzed the language of the LLC Act and examined its legislative history in detail. 192 Md. App. at 703-8. It affirmed dismissal of the complaint based on the forfeiture of the LLC's right to do business in Maryland. It

---

[14] The LLC had been formed in 2000 by a group of physicians and a corporation – Upper Chesapeake Health Ventures, Inc. – to operate an ambulatory surgery center. In 2004, the management committee of the LLC approved the sale of the LLC's assets to Upper Chesapeake. 192 Md. App. at 698.

noted that the savings provision of CA §4A-920 preserved contract validity and the LLC's ability to *defend* itself in court. However, "the negative implication of such language … is that the company may not *file or maintain* a lawsuit after its rights have been forfeited." *Id*. at 708 (emphasis in original). The intermediate appellate court further reasoned that "the taking of an appeal is comparable to filing suit" for purposes of the forfeiture provision. *Id*.; *see also Willow Grove Citizens Ass'n v. Prince George's County,* 235 Md. App. 162, 170 (2017) ("When an LLC forfeits the right to do business in Maryland, it also loses the right to bring a lawsuit in a Maryland court."); *Bayly Crossing, LLC v. Consumer Protection Division*, 188 Md. App. 299 (2009) (LLC that had forfeited right to do business barred from prosecuting appeal of adverse circuit court decision).[15]

*Summary*

Dismissal of this second-level appeal may seem like a harsh result. However, requiring a business entity to make a few timely filings and payments – or at least filings that are less than two months late after the entity is specially notified of its delinquency – is not an unfair price for its owners to have the shield against individual liability and the tax benefits, together with the organizational flexibility, that the LLC Act provides for a business organization. As this Court recently stated, "[t]he privileges associated with an LLC, such as tax benefits and liability protections, are afforded with the expectation that

---

[15] This Court later granted a writ of *certiorari* in *Bayly Crossing*, but declined to review the dismissal of the LLC because that issue had not been included in the petition for a writ of *certiorari*. 417 Md. 128, 139-40 (2010).

an LLC will fulfill its statutory obligations." *Mayor and City Council of Baltimore v. Prime Realty Associates, LLC*, 468 Md. 606, 623 (2020).

The failure of Ambassador Road LLC to fulfill its statutory obligations, compounded by its failure to rectify that delinquency during the statutory grace period, resulted in a period of nearly six months during which it lacked the authority to pursue an appeal of the action it had initiated against NCIA. Unfortunately for Ambassador Road LLC, that period included the time during which it was permitted to file a petition for writ of *certiorari* to continue its appeal. The savings provision of the LLC Act did not preserve its right to do so.

### III

### Conclusion

For the reasons set forth above, we hold that, as a result of Ambassador Road LLC's forfeiture of its right to do business in Maryland, it lost the ability to prosecute this action during the period of forfeiture, including the filing of a timely petition for a writ of *certiorari*. Accordingly, this appeal is not properly before this Court.

**APPEAL DISMISSED. COSTS TO BE PAID BY PETITIONER.**

16

IN THE COURT OF APPEALS

OF MARYLAND

No. 66

September Term, 2019

_____

7222 AMBASSADOR ROAD, LLC

v.

NATIONAL CENTER ON INSTITUTIONS
AND ALTERNATIVES, INC.

_____

Barbera, C.J.
McDonald
Watts
Hotten
Getty
Booth
Biran,

JJ.

_____

Concurring Opinion by Biran, J.

_____

Filed: July 27, 2020

I join the well-reasoned Opinion of the Court interpreting the LLC Act. I write separately to explain that, ultimately, this Court's ability to review a decision of the Court of Special Appeals does not depend on the legal status of the parties to the case. Thus, we have the authority to decide the merits of this case, irrespective of Ambassador Road LLC having filed its petition for *certiorari* during the period of time it had forfeited its right to do business. While I would not exercise that authority in this case, I believe it is useful to explain its source and what I consider to be its proper application.

When we issued a writ of *certiorari* to review the questions presented by Ambassador Road LLC, we assumed our statutorily-granted jurisdiction over this case. Md. Code, Cts. & Jud. Proc. ("CJP") § 12-307(1). We did so because we determined at that time that review of this case was "desirable and in the public interest." *Id.* § 12-203. In issuing the writ of *certiorari*, we required that "the case be certified to [this Court] for review and determination." *Id.*

No statute requires that we dismiss a writ of *certiorari* and thereby relinquish jurisdiction in a case such as this. To the contrary, I believe the General Assembly intends for this Court to have the power in these circumstances to ratify its prior grant of *certiorari* on the Court's own motion, and proceed to decide the questions for which we granted review, if the Court continues to believe that doing so is desirable and in the public interest. The logical force of this proposition becomes apparent when we examine what our options as a Court would have been had we learned of Ambassador Road LLC's deficiencies before we granted its petition for *certiorari* on January 10, 2020.

It is clear from our grant of *certiorari* that we considered further appellate review of the questions Ambassador Road LLC presented to us to be in the public interest. However, had we known on January 10, 2020 about Ambassador Road LLC's legal infirmity, we may well have concluded that review in this Court was not "desirable" and denied Ambassador Road LLC's petition. Nevertheless, despite the invalid *certiorari* petition, had we believed that a second-level appellate review of this case *was* desirable, we had the authority to issue the writ of *certiorari* in this case on January 10, 2020, on our own initiative. That authority is set forth in CJP § 12-201, which (with some exceptions not relevant here) provides:

> [I]n any case or proceeding pending in or *decided by the Court of Special Appeals* upon appeal from a circuit court or an orphans' court or the Maryland Tax Court, any party, including the State, may file in the Court of Appeals a petition for certiorari to review the case or proceeding. The petition may be filed either before or after the Court of Special Appeals has rendered a decision, but not later than the time prescribed by the Maryland Rules. *In a case or proceeding described in this section, the Court of Appeals also may issue the writ of certiorari on its own motion.*

CJP § 12-201 (2013 Repl. Vol.) (emphasis added); *see also* Md. Rule 8-301(a)(4).[1] As discussed below, I would not have been in favor of issuing a writ of *certiorari* on January 10, 2020 on the Court's own motion, had we known the pertinent facts concerning Ambassador Road LLC's status. But it seems clear that we had the authority at that time to

---

[1] In this regard, this Court's ability to exercise jurisdiction over an appeal differs from that of the Court of Special Appeals, which may hear and decide a case only after a notice of appeal or an application for leave to appeal is filed. *See* Md. Rules 8-201, 8-202 & 8-204.

issue the writ on our own motion, despite the fact that Ambassador Road LLC had filed an invalid petition for *certiorari*.[2] The reference to this Court's "own motion" in CJP § 12-201 means that a party's filing of its "motion" – i.e., a petition for *certiorari* – is not a prerequisite to the Court's issuance of a writ of *certiorari*. Nor does the filing of a petition for *certiorari* – valid or invalid – preclude this Court from issuing a writ of *certiorari* on its own motion.

Logically, then, if (as occurred here) we discover after having granted *certiorari* that an LLC lacked legal authority to file its petition (but has since brought itself back into compliance with the LLC Act), we may consider anew at that point whether we should proceed with the case and decide the question(s) for which we granted review. If we determine that we would not have issued the writ of *certiorari* had we known of the LLC's infirmity at the time we granted its petition, we must dismiss the appeal under Rule 8-602(b)(1). However, if we conclude that we would have issued the writ of *certiorari* on our own motion on the date we granted the petition, even had we known of the LLC's forfeiture of its right to do business, we can and should ratify the writ of *certiorari* as issued on our own motion and deny a motion to dismiss the appeal. Dismissal is not required in

---

[2] If we were to issue a writ of *certiorari* on our own motion in this hypothetical situation, one would hope that action would prompt the petitioning LLC to bring itself back into compliance with the LLC Act so that it could legally file briefs and other papers in its name as the appeal progressed. However, prudence would suggest that, contemporaneous with the issuance of the writ of *certiorari* on our own motion in such a situation, we should issue a separate Order directing the petitioning LLC to provide proof by a date certain that it has cured all deficiencies and filed articles of reinstatement, thereby regaining the right to do business.

the latter scenario because the General Assembly's statutory grant of authority to this Court to issue a writ of *certiorari,* even in the absence of a petition for *certiorari*, demonstrates that the General Assembly puts the public's interest in this Court exercising its discretion to review important questions of law ahead of the public's interest in a particular LLC paying delinquent taxes and unemployment insurance contributions, to the extent the LLC's failure to do so otherwise would affect this Court's docket.[3]

In no way do I mean to minimize the importance of compliance by an LLC with its statutory obligations. We count on our LLCs to be good corporate citizens (even if they are not technically "corporations"). This case shows that an LLC may suffer severe consequences when it fails to meet its straightforward and not particularly burdensome obligations under the LLC Act. However, I believe it is clear from the above discussion that the General Assembly prioritizes this Court's ability to decide questions of law that transcend the interests of the parties to a particular case. Thus, where the public interest in our reviewing a case after decision by the Court of Special Appeals is compelling enough that we would have issued a writ of *certiorari* on our own motion in the first instance, despite an LLC having filed a void petition, we should ratify the writ and decide the case.

---

[3] Had Ambassador Road LLC prevailed in the Court of Special Appeals, and it was NCIA's petition for *certiorari* that we had granted, the subsequent discovery that Ambassador Road LLC forfeited its right to do business on October 11, 2019, would not require us to ratify the writ of *certiorari* in order for us to proceed with this case. In that hypothetical situation, the carve-out for defensive litigation in the savings clause of the LLC Act (Corporations & Associations Article, § 4A-920) would permit Ambassador Road LLC to file papers and present oral argument as the respondent in this case, even though Ambassador Road LLC was the plaintiff and appellant in the courts below.

Although we have the authority to ratify a writ of *certiorari* on our own motion in these circumstances, we should exercise that authority only in exceptional circumstances – circumstances that are not present here. Had we discovered prior to January 10, 2020 that Ambassador Road LLC's petition for *certiorari* was void and that the 60-day restoration period had expired, I would not have voted to issue a writ of *certiorari* on the Court's own motion. Among other reasons, the Court of Special Appeals' opinion is unpublished and, therefore, not precedential. In addition, the questions Ambassador Road LLC presented in its petition, which emanate from a discovery dispute, are likely to reappear in a future case. Because I would not have voted to issue a writ of *certiorari* in January 2020 if I had known of Ambassador Road LLC's deficiencies, I would not ratify the writ at this time. For this reason, I agree that we must dismiss this appeal.

I hope that we will never be presented with another case in which we have granted *certiorari* only to discover later that the LLC whose petition we granted was not legally entitled to file it. No LLC should assume that, having found ourselves in such a situation, we will exercise our authority to rescue the LLC from the negligent management of its most basic affairs. However, such mismanagement does not render this Court powerless to review a case that made its way through a circuit court and the Court of Special Appeals while the LLC was authorized to do business.

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/coa/66a19cn.pdf