**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1423**

UNITED CORROSION CONTROL, LLC,

Plaintiff – Appellant,

v.

CARBOLINE COMPANY,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, District Judge.  (1:19-cv-03525-GLR)

Submitted:  August 22, 2023          Decided:  December 18, 2023

Before AGEE, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Marcus R. Sanborn, Don W. Blevins III, BLEVINS SANBORN JEZDIMIR ZACK PLC, Detroit, Michigan, for Appellant.  Ryan C. Bueche, Gregg R. Brown, GERMER BEAMAN & BROWN PLLC, Austin, Texas; Thomas J.S. Waxter III, Derek Stikeleather, GOODELL DEVRIES LEECH & DANN LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

United Corrosion Control, LLC appeals the district court's award of summary judgment to Carboline Company. The court held that United Corrosion lost its ability to prosecute the underlying lawsuit against Carboline after it forfeited certain rights associated with its status as a Maryland limited liability company ("LLC"). For the reasons set forth below, we affirm.

I.

United Corrosion, a Maryland LLC, brought this diversity action against Carboline, a Delaware company, in Maryland federal district court, alleging breach of contract and related claims. Two months earlier, United Corrosion forfeited "the right to do business in Maryland and the right to the use of [its] name" under the Maryland Limited Liability Company Act (the "Maryland LLC Act" or the "LLC Act"). Md. Code Ann., Corps. & Ass'ns § 4A-911(d). Carboline moved for summary judgment and argued that with this forfeiture, United Corrosion also forfeited its right to file and maintain the instant suit. The district court agreed and granted Carboline's motion, and United Corrosion filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

2

II.

We review de novo the district court's grant of summary judgment. *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 303 (2022). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law," and a "dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks omitted). At the summary judgment stage, we view the facts and all reasonable inferences therefrom in the light most favorable to United Corrosion as the nonmoving party. *See id.* at 312.

For LLCs, the capacity to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Here, Maryland law applies, and two provisions of the Maryland LLC Act govern the dispute: Section 4A-911(d) (the "forfeiture clause") and Section 4A-920 (the "savings clause"). Under the forfeiture clause, if a Maryland LLC fails to timely pay state taxes or unemployment insurance contributions, or if it fails to timely submit an annual report to the state, the Maryland State Department of Assessments and Taxation

> shall issue a proclamation declaring that, subject to § 4A-920 of this subtitle, the right to do business in Maryland and the right to the use of the name for each limited liability company is forfeited as of the date of the proclamation, without proceedings of any kind either at law or in equity.

§ 4A-911(d). Upon this forfeiture, "the LLC is not completely disabled." *7222 Ambassador Rd., LLC v. Nat'l Ctr. on Insts. & Alts., Inc.*, 233 A.3d 124, 128 (Md. 2020).

3

The savings clause, which is cross-referenced in the forfeiture clause, recognizes the continued validity of certain acts:

> The forfeiture of the right to do business in Maryland and the right to the use of the name of the limited liability company under this title does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture, or prevent the limited liability company from defending any action, suit, or proceeding in a court of this State.

Md. Code Ann., Corps. & Ass'ns § 4A-920.  In United Corrosion's view, because the savings clause preserves a forfeited LLC's ability to defend an action "in a court *of this State*," the forfeiture clause must implicitly proscribe affirmative litigation in state court, not federal court.  *Id.* (emphasis added).  So, the argument goes, United Corrosion did not forfeit its right to litigate this federal action.  We disagree.

### III.

"[T]he privileges associated with an LLC, such as tax benefits and liability protections, are afforded with the expectation that an LLC will fulfill its statutory obligations."  *7222 Ambassador Rd., LLC*, 233 A.3d at 133 (internal quotation marks omitted).  Where, as here, an LLC fails to fulfill its obligations, it forfeits the "ability to fully exercise its powers," with the exception of the specifically preserved activities in the savings clause.  *Id.* at 132.

Under the LLC Act, a forfeited LLC may not prosecute a lawsuit.  *Price v. Upper Chesapeake Health Ventures*, 995 A.2d 1054, 1062 (Md. Ct. Spec. App. 2010).  For instance, in *Price v. Upper Chesapeake Health Ventures*, the Maryland Court of Special

4

Appeals held that members of a forfeited LLC could not file a derivative suit on its behalf or pursue an appeal because the LLC itself had forfeited that right. *Id.* at 1063. The statute "expressly provides that a forfeited LLC may only *defend* an action in court. The negative implication of such language, and the sweep of the 'doing business' and name 'using' prohibition is that the company may not *file or maintain* a lawsuit after its rights have been forfeited." *Id.* at 1061. This comports with the purpose of the forfeiture clause, which is to penalize tax failures. *Id.* at 1063.

Moreover, the LLC Act ensures an LLC's forfeiture does not affect the rights of third parties. "[T]he savings provision does not exist simply to give back what the forfeiture provision takes away." *7222 Ambassador Rd., LLC*, 233 A.3d at 131. "Rather, it provides some protection for those with whom the LLC does business" by "upholding the validity of the LLC's contractual obligations and allowing it to defend litigation initiated by others[.]" *Id.* For that reason, the Maryland Court of Appeals has rejected a forfeited LLC's contention that filing a petition for a writ of *certiorari* was a valid "act" under the savings clause. *Id.* Otherwise, the court explained, "any step taken in litigation" and "virtually anything that an LLC does could be classified as an 'act' . . . which would nearly negate the forfeiture provision altogether" and defeat the purpose of the savings clause—to safeguard the interests of third parties. *Id.*

Under these principles, United Corrosion cannot prosecute this suit. It is undisputed that it forfeited its right to do business in Maryland and use its name two months before initiating this action, and such forfeiture encompasses the right to bring suit. The only litigation activity expressly preserved in the savings clause is "*defending* any action, suit,

5

or proceeding in a court of [Maryland]." § 4A-920 (emphasis added). "It cannot be seriously said that" United Corrosion was defending a suit "in prosecuting its complaint and its appeal[.]" *7222 Ambassador Rd., LLC*, 233 A.3d at 130.

We must also reject United Corrosion's novel theory that the forfeiture clause's ban on affirmative litigation applies only in state court. That interpretation contravenes the twin goals of the LLC Act: to penalize forfeited LLCs by broadly revoking their rights while preventing such revocation "from being used to the detriment of third parties." *Id.* at 131; *see Price*, 995 A.2d at 1063. This means "an LLC cannot avoid fulfilling its contracts or deprive *someone else* of a judicial remedy against the LLC simply by succumbing to forfeiture." *7222 Ambassador Rd., LLC*, 233 A.3d at 131 (emphasis added). As the district court noted, "the fact that Carboline is not a citizen of Maryland" and that this is a federal diversity case "should not act to confer rights on United Corrosion that it otherwise forfeited." *United Corrosion Control, LLC v. Carboline Co.*, No. GLR-19-3525, 2022 WL 861411, at *5 (D. Md. Mar. 23, 2022).

United Corrosion principally relies on two cases to support its position: *Willow Grove Citizens Association v. County Council of Prince George's County* and *Peide Yan v. Zhengang Zhang*. But those cases did not involve affirmative litigation. Rather, they involved valid "acts" by forfeited LLCs within the meaning of the savings clause. Therefore, they are inapposite.

First, in *Willow Grove*, the Maryland Court of Special Appeals found that a forfeited LLC could apply for a special exception with a county zoning office because under the savings clause, it maintained "the power to enter into binding contracts, and its acts were

at all times legally valid." *Willow Grove Citizens Ass'n v. Cnty. Council of Prince George's Cnty.*, 175 A.3d 852, 857 (Md. Ct. Spec. App. 2017). In so holding, the court rejected the appellants' alternative argument that the LLC was improperly initiating a judicial proceeding. *Id.* In that context, the court noted that "the language in [the savings clause] concerning lawsuits applies to actions '*in a court of this State*,'" and the LLC "did not file its application in a Maryland court[.]" *Id*. But we find that dicta—which says nothing of a federal forum—unconvincing. The only proposition it supports is that a county zoning office is not a Maryland court, so the bar on affirmative litigation does not apply.

Second, in *Peide Yan*, the District of Maryland held that a forfeited LLC's filing of an involuntary petition in federal bankruptcy court was similarly permitted under the *first* part of the savings clause, which preserves the validity of the LLC's contracts or acts. *Peide Yan v. Zhengang Zhang*, Nos. PWG-17-742 PWG-17-870, 2018 WL 1316242, at *5 (D. Md. Mar. 14, 2018). The court further found that the "act of filing the involuntary petition was not the initiation of a lawsuit" or "a filing in a Maryland state court." *Id.* Therefore, the prohibition on affirmative litigation was irrelevant. *Id.* Although the court appeared to construe the language "in a court of this State" to mean "a court that is part of the Maryland judiciary," it also said an involuntary petition in federal bankruptcy court is "not in any sense the commencement of a civil action in a United States District Court sitting either at law or in equity." *Id.* (internal quotation marks omitted). Like *Willow Grove*, *Peide Yan* does not come close to holding that a forfeited LLC is free to file a federal lawsuit.

7

IV.

In sum, the LLC Act largely revokes a forfeited LLC's rights.  It does so to penalize

the LLC for failing to honor its legal obligations.  But it preserves the clearly delineated

activities in the savings clause for the benefit of third parties.  The right to bring suit in

federal court is, of course, not among those activities; it is among those no longer available

to a forfeited LLC.  Accordingly, the order of the district court is

*AFFIRMED*.