*Douglas Ford Bey, II v. State of Maryland*, No. 745, September Term, 2022. Opinion by Nazarian, J.

**DOUBLE JEOPARDY – SEPARATE STATUTORY OFFENSES**

The unit of prosecution for sexual abuse of a minor is an act of abuse, regardless of whether a defendant commits one or more acts continuously. Thus, a defendant may be convicted of multiple counts of sexual abuse of a minor for continuous conduct where the counts charge different acts or time periods of abuse. Maryland Code (2002, 2003 Repl. Vol.), § 3-602 of the Criminal Law Article.

Circuit Court for Frederick County
Case No. 10-K-14-054600

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 745

September Term, 2022
_____

DOUGLAS FORD BEY, II

v.

STATE OF MARYLAND
_____

Nazarian,
Ripken,
Kenney, James A., III
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Nazarian, J.
_____

Filed: October 25, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

After trial before a jury in the Circuit Court for Frederick County, Douglas Ford Bey, II was found guilty of seventeen counts, including five counts of sexual abuse under Maryland Code (2002, 2003 Repl. Vol.), § 3-602 of the Criminal Law Article ("CR").[1] The court sentenced him to twenty-five years of incarceration for each of the five counts under CR § 3-602, to be served consecutively. All of the convictions were affirmed on appeal, as were his sentences on these counts.

This appeal arises from Mr. Bey's later motion to correct an illegal sentence. In his motion, Mr. Bey argued that the separate sentences for each count violated the constitutional prohibition against double jeopardy by imposing multiple punishments on him for the same offense. At the motion hearing, he contended that a defendant may only be convicted of one count of sexual abuse of a minor because CR § 3-602 "encompasses in one conviction all abuse against a child victim." The circuit court denied Mr. Bey's motion, reasoning that the sentences for the five counts did not violate double jeopardy protections because the multiple acts of abuse occurred within different time periods. Mr. Bey appeals and we affirm.

## I.     BACKGROUND

Between May 2010 and February 2014, Mr. Bey sexually abused his putative daughter in their family home. The abuse, which included acts such as cunnilingus, fellatio, and vaginal intercourse, began when the victim was ten years old. By the time the victim

---

[1] Because the crimes occurred before October 1, 2020, Mr. Bey was convicted under a prior version of CR § 3-602. The statute has since been amended, but the alterations do not affect our analysis.

was eleven, these acts occurred at least twice a week and continued with the same frequency until she was fourteen.

The State charged Mr. Bey with eighteen counts of criminal conduct relating to the sexual abuse: five counts of sexual abuse of a minor (in violation of CR § 3-602), ten counts of continuing course of conduct against a child (in violation of CR § 3-315), and three counts of third-degree sexual offense (in violation of CR § 3-307). A jury convicted Mr. Bey of all counts except one count of third-degree sexual offense, and the court sentenced him to a total of 390 years in prison. For the sexual abuse of a minor convictions, the court sentenced Mr. Bey to twenty-five years of active incarceration for each of the five counts. Each count of sexual abuse of a minor corresponded to the age of the victim while the abuse continued, *i.e.*, one count for the abuse that occurred when the victim was ten, and separate counts for the abuse that occurred when the victim was eleven, twelve, thirteen, and fourteen.[2]

On appeal, this Court affirmed Mr. Bey's convictions, but remanded his case for resentencing on the counts for continuing course of conduct against a child. *Bey v. State*, 228 Md. App. 521, 541 (2016). We held that Mr. Bey's ten convictions for continuing course of conduct sexual abuse under CR § 3-315 merged into a single conviction. *Id.* at 541. On *certiorari*, the Supreme Court of Maryland affirmed our judgment. *State v. Bey*, 452 Md. 255, 264 (2017). On October 13, 2017, the resentencing court reduced Mr. Bey's total sentence to 155 years.

---

[2] The counts corresponded to annual time periods defined by the victim's birthdate.

After resentencing, Mr. Bey filed a Motion to Correct Illegal Sentence under Maryland Rule 4-345. At the motion hearing, Mr. Bey argued that four of his five convictions and sentences for sex abuse of a minor under CR § 3-602 are illegal because they violate double jeopardy protections against multiple convictions for the same offense. Mr. Bey posited that the charge of sex abuse against a minor "encompasses in one conviction all abuse against a child victim[,]" and thus, a "defendant is subject to one count of sex abuse against a minor regardless of how many sex offenses took place or over what period of time they took place."

The State countered that although CR § 3-602 permits prosecutors to charge multiple acts of sex abuse against a minor within one count, it does not *require* prosecutors to do so. The State argued further that CR § 3-602 permits prosecutors to charge a defendant with multiple counts of sex abuse for acts occurring in different timeframes, and that a jury properly may convict a defendant of such counts so long as the jury finds that an act of sex abuse occurred within each timeframe charged. The circuit court denied Mr. Bey's motion on the basis that the jury found that acts of abuse occurred within each of the timeframes charged. Mr. Bey appeals the denial of that motion.

## II.  DISCUSSION

Mr. Bey raises a single issue before this Court: did the circuit court err in denying his Motion to Correct Illegal Sentence?[3] We hold that it didn't. Mr. Bey did not receive multiple punishments for the same offense in violation of double jeopardy protections because the plain language of CR § 3-602 demonstrates that the legislature intended the unit of prosecution for sexual abuse of a minor to be each act of abuse, regardless of whether a defendant committed the acts continuously. This jury convicted Mr. Bey based on acts of sexual abuse occurring within each of the five time periods charged under CR § 3-602, so Mr. Bey did not receive multiple punishments for the same offense.

"Whether a sentence is illegal under Md. Rule 4-345(a) is a question of law reviewed *de novo*." *Johnson v. State*, 467 Md. 362, 389 (2020); *State v. Crawley*, 455 Md. 52, 66 (2017). Moreover, "[t]he interpretation of a statute is a question of law that this Court reviews *de novo*." *Johnson*, 467 Md. at 371.

### A.  Mr. Bey's Claim Is Cognizable Under Rule 4-345(a).

At the threshold, we must determine whether Mr. Bey's claim is cognizable under Maryland Rule 4-345(a), the Rule that authorizes courts to "correct an illegal sentence at any time." The Rule "creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the

---

[3] Mr. Bey briefed his Question Presented as: "Did the lower court err in denying Mr. Bey's Motion to Correct Illegal Sentence?"

The State briefed its Question Presented as: "Did the circuit court properly deny Bey's motion to correct an illegal sentence?"

court." *State v. Griffiths*, 338 Md. 485, 496 (1995). If a sentence is illegal within the meaning of the rule, "the defendant may file a motion in the trial court to 'correct' it, notwithstanding that (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal." *Chaney v. State*, 397 Md. 460, 466 (2007). An illegal sentence is one "in which the illegality inheres in the sentence itself; *i.e.*, there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Id.*

Where a defendant alleges that multiple sentences have been imposed for the "same offense" in a single prosecution, the alleged illegality "inheres in the sentence itself," and may properly be addressed in a motion to correct an illegal sentence. *Britton v. State*, 201 Md. App. 589, 598–99 (2011) (cleaned up) (an alleged failure to merge convictions for sentencing purposes implicates the illegality of imposing multiple sentences for the same offense, and may be challenged in a motion filed under Rule 4-345(a)); *Randall Book Corp. v. State*, 316 Md. 315, 322 (1989) (defendant's "argument that [his] sentences violate[d] the Double Jeopardy Clause of the Fifth Amendment because multiple sentences were imposed for the same offense d[id] allege an illegal sentence within the meaning of Rule 4-345").

Mr. Bey argues here that when the court imposed five separate sentences for five counts of sexual abuse of a minor under CR § 3-602, it "improperly split a single, 'indivisible' 'umbrella' offense into multiple counts." Mr. Bey contends, therefore, that he

received multiple punishments for the same offense, making his sentence illegal. And because Mr. Bey claims that he received multiple sentences for the same offense, his claim is cognizable under Maryland Rule 4-345(a).

### B. The Court Did Not Err In Denying Mr. Bey's Motion To Correct An Illegal Sentence.

Mr. Bey asserts that sexual abuse of a minor under CR § 3-602 is an "umbrella crime" or a "continuing course of conduct offense" that "encompasses within one criminal charge all acts of molestation or exploitation that have occurred between one defendant and one minor victim." As a result, he argues, four of his five convictions and sentences under CR § 3-602 violate double jeopardy protections against multiple punishments stemming from the same offense. Alternatively, Mr. Bey contends that his five CR § 3-602 offenses should merge into a single offense under the rule of lenity because the statute is ambiguous as to whether prosecutors may divide an overarching time period of abuse into smaller time periods for purposes of generating multiple charges. And for those reasons, he says, the circuit court erred in denying his motion to correct an illegal sentence.

The State responds that although CR § 3-602 is a continuing offense in the sense that it can encompass multiple acts of abuse, a single sexually abusive act will satisfy the element of abuse under CR § 3-602. Accordingly, the State contends, each of the five counts under CR § 3-602 stood independently, and didn't violate Mr. Bey's double jeopardy rights, because each count charged Mr. Bey for discrete abusive acts that occurred within non-overlapping time periods. The State contends further that Mr. Bey's rule of lenity argument fails to allege an ambiguity, because nothing in CR § 3-602's plain

6

language indicates that the State may be precluded from prosecuting a defendant for multiple counts of sexual abuse.

"The Double Jeopardy Clause of the Fifth Amendment protects against . . . multiple punishments for the same offense." *Randall Book Corp.*, 316 Md. at 323 (*citing United States v. Halper*, 490 U.S. 435 (1989)). "The Fifth Amendment prohibition 'against making a defendant twice accountable for the same offense' is applicable to the states through the Fourteenth Amendment." *Scriber v. State*, 437 Md. 399, 407 (2014) (*quoting State v. Long*, 405 Md. 527, 535–36 (2008)). And "'[e]ven though the Maryland Constitution has no express double jeopardy provision, there is protection against it under Maryland common law.'" *Koushall v. State*, 479 Md. 124, 157 (2022) (*quoting Ware v. State*, 360 Md. 650, 708 (2000)).

Double jeopardy challenges involving multiple punishments for the same offense often arise "where a statute proscribes designated conduct and the issue is whether the defendant's conduct constitutes more than one violation of this prohibition . . . ." *Jones v. State*, 357 Md. 141, 157 (1999) (*citing Randall Book Corp.*, 316 Md. at 324). "Whether a particular course of conduct constitutes one or more violations of a single statutory offense depends upon the appropriate unit of prosecution of the offense . . . ." *Richmond v. State*, 326 Md. 257, 261 (1992) (citation omitted); *Triggs v. State*, 382 Md. 27, 43 (2004) ("[T]he unit of prosecution reflected in the statute controls whether multiple sentences ultimately may be imposed."). "The unit of prosecution of a statutory offense is generally a question of what the legislature intended to be the act or course of conduct prohibited by the statute for purposes of a single conviction and sentence." *Brown v. State*, 311 Md. 426, 434 (1988).

When determining the legislature's intent, we look first at the ordinary meaning of the text:

> We look first to the language of the statute, giving it its natural and ordinary meaning. When the statutory language is clear, we need not look beyond the statutory language to determine the Legislature's intent. If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written.

*Scriber*, 437 Md. at 410 (cleaned up). "Reading the statutory language within the context of the statutory scheme, our approach is a 'commonsensical' one designed to effectuate the 'purpose, aim, or policy of the enacting body.'" *Triggs*, 382 Md. at 44–45 (*quoting Drew v. First Guar. Mortg. Corp.*, 379 Md. 318, 327–28 (2003)). "In furthering the identified legislative objectives, we avoid giving the statute a strained interpretation or one that reaches an absurd result." *Huffman v. State*, 356 Md. 622, 628 (1999).

"Under the rule of lenity, a court confronted with an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute will opt for the construction that favors the defendant." *Oglesby v. State*, 441 Md. 673, 681 (2015). As such, "[a]mbiguous units of prosecution, pursuant to the rule of lenity, must normally be construed in favor of the defendant, effectively merging the offenses." *Triggs*, 382 Md. at 43 (cleaned up). "The rule of lenity, however, is a maxim of statutory construction which serves only as an aid for resolving an ambiguity and it may not be used to create an ambiguity where none exists." *Jones v. State*, 336 Md. 255, 261 (1994); *Oglesby*, 441 Md. at 681 ("It is a tool of last resort, to be rarely deployed and applied only when all other tools of statutory construction fail to resolve an ambiguity.").

With these long-standing principles in mind, we turn to the pertinent statute to determine the unit of prosecution that the legislature intended. Section 3-602, which prohibits sexual abuse of a minor, defines "sexual abuse" for these purposes as "an act" involving sexual molestation or exploitation:

> (4)(i) *"Sexual abuse" means an act that involves sexual molestation or exploitation of a minor, whether physical injuries are sustained or not.*
>
> * * *
>
> (b)(1) A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a minor may not cause sexual abuse to the minor.
>
> (2) A household member or family member may not cause sexual abuse to a minor.
>
> (c) A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 25 years.
>
> (d) A sentence imposed under this section may be separate from and consecutive to or concurrent with a sentence for:
>
> (1) any crime based on the act establishing the violation of this section; or
>
> (2) a violation of § 3-601 of this subtitle involving an act of abuse separate from sexual abuse under this section.

CR § 3-602 (emphasis added).

The language of the statute demonstrates that a violation of CR § 3-602 requires two elements: (1) a person within a specified category (2) must cause sexual abuse to a minor. The legislature's use of the term "an act" to define the behavior that constitutes sexual abuse indicates that the legislature intended that a singular act could satisfy the element of sexual abuse. The plain language of CR § 3-602 criminalizes each act of sexual abuse without limitation based on whether the act occurred within a continuing course of conduct.

9

Because each act of sexual abuse can form the basis for a conviction under CR § 3-602, the unit of prosecution is each singular abusive act. Mr. Bey's five sentences under CR § 3-602 for acts of sexual abuse that occurred within different time periods, therefore, are not multiple punishments for the same offense in violation of double jeopardy protections.

Mr. Bey acknowledges that a singular abusive act constitutes a violation of CR § 3-602, and at oral argument, he acknowledged that the State may bring multiple counts under CR § 3-602 if the acts of abuse were committed on separate occasions. He argues, however, that the State cannot bring multiple counts under CR § 3-602 if the abusive acts were committed continuously. According to Mr. Bey's interpretation, CR § 3-602 limits the State to charging a defendant with only one count of sexual abuse of a minor, no matter how many abusive acts that the defendant commits, so long as the defendant commits the acts continuously. But this interpretation leads to the absurd result that the continuous acts of defendants who frequently and continuously abuse their victims would merge into a single crime, and a single potential punishment, but would expose defendants who inconsistently or less frequently abuse their victims to multiple charges and punishments. And because our approach to determining legislative intent is meant to "avoid giving the statute a strained interpretation or one that reaches an absurd result," *Huffman*, 356 Md. at 628, we reject Mr. Bey's reading of CR § 3-602.

We disagree as well that Mr. Bey's five sentences should merge into one under the rule of lenity. Mr. Bey argues that the rule of lenity applies because CR § 3-602 is ambiguous as to whether the State may divide an overarching time period of abuse into

10

smaller time periods for purposes of generating multiple charges. As we've noted, the rule of lenity "serves only as an aid for resolving an ambiguity and it may not be used to create an ambiguity where none exists." *Jones*, 336 Md. at 261. In this case, the unambiguous language of CR § 3-602 defines the unit of prosecution as each "act" of sexual abuse. The fact that the acts of abuse occurred consistently over time does not create an ambiguity as to whether each act may be prosecuted. The rule of lenity does not apply here.

The State is not prohibited from bringing multiple counts of sexual abuse against a defendant. Mr. Bey cites *Cooksey v. State*, 359 Md. 1 (2000), to argue that "the charge of sexual abuse of a minor encompasses within one criminal charge all acts of molestation or exploitation that have occurred between a defendant and a minor victim." But although *Cooksey* concluded that a charge of sexual abuse of a minor *could* encompass multiple acts of molestation or exploitation, the Court did not hold that a charge of sexual abuse of a minor *must* encompass multiple (or all) acts of abuse that a defendant commits against a victim. *Id.* at 23 ("[A]buse can as easily arise from several qualifying acts as from one."). Put another way, *Cooksey* acknowledges that the State *may* charge child sexual abuse as a course of conduct but doesn't *prohibit* the State from charging child sexual abuse as a single act or in a date range.

Mr. Bey also cites *Crispino v. State*, 417 Md. 31 (2010), to claim that the State may not seek multiple convictions for continuous acts of sexual abuse under CR § 3-602, but this theory falls short too. In *Crispino*, the defendant "requested a specific jury instruction requiring unanimity as to the specific act or acts that constituted child abuse." *Id.* at 38. The trial court denied his request and on appeal, the Court affirmed the trial court's decision

11

on the grounds that jurors only need to be unanimous as to each element of an offense and the element in a count of sexual abuse of a minor is the "abuse." *Id.* at 50. *Crispino* clarifies that the element in a sexual abuse of a minor charge is the "abuse," *id.*, but doesn't say that the State is prohibited from satisfying this element of abuse multiple times and in multiple counts. To the contrary, the State may charge the defendant with more than one count of sexual abuse of a minor where, as here, a defendant's conduct satisfies the element of abuse in more than one instance.

Mr. Bey appears to rely most heavily on *Warren v. State*, 226 Md. App. 596 (2016). There, the defendant stood trial twice on charges stemming from sexual acts he committed against a minor victim over a period of about four-and-a-half years. *Id.* at 611–12. During the first prosecution, the State filed an eight-count criminal information that included four counts of sexual abuse of a minor under CR § 3-602. *Id.* at 609. This Court highlighted that "[e]ach of these four counts was a verbatim clone of the others, charging exactly the same conduct and covering exactly the same four and one-half year time period." *Id.* at 609. In *dicta*, we stated that "[c]harging the same offense four times was a case of multiplicious charging *per se* . . . ." *Id.* After the first trial, a jury convicted the defendant on two counts and the defendant received a fifteen-year sentence. *Id.* at 600.

Three months later, the State presented a new indictment based on newly obtained photographic evidence that had been excluded from the first trial. *Id.* at 602. The new indictment included four counts of sexual abuse of a minor under CR § 3-602, three of which charged conduct that fell within the earlier period of jeopardy stemming from the first trial, while the fourth covered a period that overlapped partially with the earlier period

of jeopardy. *Id.* at 611–12. We held that all four counts in the new indictment violated double jeopardy because it placed the defendant in jeopardy a second time for the conduct charged in the first trial. *Id.*

Mr. Bey posits that *Warren* "clearly defined sexual abuse of a minor as a unitary charge[,]" and that this Court described sexual abuse of a minor as an "accordion" or "umbrella" crime that may embrace multiple acts of abuse. Because of its nature as a unitary charge, Mr. Bey asserts, "[a] defendant may be charged with, and convicted of, a single count of sexual abuse of a minor per victim, regardless of how many individual acts of abuse—charged or uncharged—allegedly occurred." But although it is true that *Warren* provides that a sexual abuse of a minor charge may encompass multiple acts of abuse, *Warren* also provides that it is "'*a crime that can be committed both by a single act and through a continuing course of conduct consisting of multiple acts*.'" *Id.* at 614–15 (emphasis in original) (*quoting Cooksey*, 359 Md. at 23–24). So *Warren*, like *Cooksey*, permits the State to charge continuous acts of sexual abuse within one count, but doesn't prohibit the State from charging such acts separately.

Our analysis of the second indictment in *Warren* only bolsters the conclusion that we didn't intend to prohibit the State from bringing multiple charges of sexual abuse of a minor for multiple acts of abuse. In the second indictment, the State charged the defendant with four counts of sexual abuse of a minor. *Id.* Two of the counts alleged that acts of sexual abuse occurred on precise dates and the other two counts alleged that acts of sexual abuse occurred within two non-overlapping date ranges. *Id.* at 611–12. But this Court didn't assert that the State was barred from charging multiple counts of sexual abuse of a

13

minor due to CR § 3-602's nature as a "unitary" crime. Instead, we acknowledged the validity of the charges by proceeding to determine whether the dates charged in the second indictment overlapped for double jeopardy purposes with the dates charged in the first prosecution. *Id.* So contrary to Mr. Bey's assertion that he could only be charged with "a single count of sexual abuse of a minor per victim," *Warren* confirms that a defendant may be charged with multiple counts of sexual abuse per victim so long as the dates of the charged conduct don't overlap with the dates charged in other counts in the same or earlier prosecution. *Id.*

In arguing that sexual abuse of a minor is a unitary crime, Mr. Bey emphasizes language in *Warren* that "[i]n taking the single indivisible crime of Sexual Child Abuse and fragmenting it into four distinct offenses, the State was attempting to divide the indivisible." *Id.* at 610. But he overlooks the factual context of that assertion. That statement referred to *Warren*'s first indictment, which included four counts of sexual abuse of a minor that were each "a verbatim clone of the others, charging exactly the same conduct and covering exactly the same four and one-half year time period." *Id.* at 609. Because each of the four counts covered the entire four-and-one-half year time period, each encompassed all acts of abuse occurring within that time period, and therefore the State charged the defendant improperly with the same offense four times.

Unlike in *Warren*, the State in this case has not charged Mr. Bey with multiple counts covering the same time period. In fact, the State here did the opposite: it tied each count of sexual abuse of a minor to a different time period. Each count could be proven by a single act of sexual abuse and none of the counts required evidence of another count. Mr.

14

Bey was not, therefore, convicted and sentenced multiple times for the same offense in violation of double jeopardy protections. We affirm the circuit court's denial of Mr. Bey's Motion to Correct Illegal Sentence.

**JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY AFFIRMED. APPELLANT TO PAY COSTS.**